Before STATE INDUSTRIAL BOARD, Respondent.

In the Matter of the Claim of SAMUEL CROCKETT, Respondent, for Compensation under the Workmen's Compensation Law, v. F. T. COPPINS & SONS, Employer, and the TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, July 6, 1922.

**Workmen's Compensation Law** — award for total permanent disability not granted for loss of use of right foot and part of use of left foot where claimant able to do work which does not involve use of feet — permanent partial disability — § 15, subds. 1 and 3, construed.

A claimant, fifty years of age, who lost the use of his right foot and part of the use of his left foot and who, since the injury, walks with the aid of crutches and is able to do any work for which he is or may be adapted and which does not involve the use of his feet, cannot be held to be totally disabled under the last sentence of subdivision 1 of section 15 of the Workmen's Compensation Law which provides that " In all other cases permanent total disability shall be determined in accordance with the facts."

In regard to " permanent partial disability " under the " other cases " clause of subdivision 3 of section 15, which properly includes this case, the claimant has some wage-earning capacity.

H. T. KELLOGG and KILEY, JJ., dissent, with memorandum.

APPEAL by the defendants, F. T. Coppins & Sons and another, from decisions and awards of the State Industrial Board, entered in the office of said Board on the 25th day of May, 1921, and the 26th day of January, 1922, respectively.

*Benjamin C. Loder* [*William B. Davis* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

COCHRANE, P. J.:

The awards were made as appears from the findings because of total permanent disability. The case must, therefore, be considered with reference to section 15, subdivision 1, of the Workmen's Compensation Law. Claimant has lost the use of his right foot but not the entire use of the left foot. The case depends then on the last sentence of the subdivision, viz.: "In all other cases permanent total disability shall be determined in accordance with the facts." At the time of the accident claimant was fifty years old. He walks with the aid of crutches. Only one witness was examined, except that a few unimportant questions were asked of the claimant. That witness was a physician and his testimony conclusively shows that the claimant can do any work for which he is or may be adapted and which does not involve the use of his feet. I cannot see, therefore, any room for finding that he is totally disabled.

In regard to "permanent partial disability" under the "other cases" clause of subdivision 3 of section 15 which properly includes this case it is apparent that the claimant has some wage-earning capacity which has not been determined by the Board.

I think the case should be returned to the Board for disposition on the proper basis.

All concur, except H. T. KELLOGG, J., dissenting, with a memorandum in which KILEY, J., concurs.

H. T. KELLOGG, J. (dissenting):

The claimant while working upon an electric lamp, mounted on a column twenty feet high, accidentally fell to the ground and sustained serious injuries including fractures of the bones of his feet and ankles. The accident occurred on October 26, 1915, and numerous awards were thereafter made to claimant prior to May, 1921, from which no appeals were taken. Under such awards he was paid $14.42 per week for 290 weeks, or more than the sum of $4,000. Further awards were made in May, 1921, and January, 1922, continuing the weekly payments previously awarded as for permanent total disability. From these awards the employer and insurance carrier have appealed.

We may eliminate from consideration the two classes of disability designated by the Workmen's Compensation Law "Temporary total disability" and "Temporary partial disability." (Workmen's Compensation Law, § 15.) For either of these disabilities payments in excess of $3,500 may not be made. Claimant had already been awarded and had actually received more than that sum when the awards appealed from were granted. The awards can be sustained, therefore, only provided the disability in question can be classed

as a "Total permanent disability" or a "Permanent partial disability." It is said that a case of the former is not presented because there has not been a total loss, or total loss of use, of both feet. This is an erroneous view. A disability which is permanent and total may be established " in the absence of conclusive proof to the contrary" (Workmen's Compensation Law, § 15), by the loss, or loss of use, of certain pairs of physical members, such as the feet. It may, however, be proven otherwise, for the law says: " In all other cases permanent total disability shall be determined in accordance with the facts." (Workmen's Compensation Law, § 15, subd. 1.) It is undisputed that the claimant has entirely and permanently lost the use of his right foot and that he has sustained a forty per cent loss of use of the left foot. As a consequence he can never work upon his feet and can never walk without crutches. The only work which he may do will be with his hands while sitting down. His disability is as total and as permanent, therefore, as if both feet were lost. It is also said that the claimant was debarred from a further award as for " permanent partial disability " on account of the total loss of one foot, because for that specific injury an award for more than 205 weeks is not permitted, and the claimant had already been paid for 290 weeks. It is true that the claimant had been paid for more weeks than is permissible for the loss of one foot, but it is not true that his loss, though it may have been partial, was not in excess of one foot. At the time of the accident, which was in October, 1915, there was no provision for an award for a proportionate loss of use of a member, so that for the partial loss of the left foot a specific sum for a specific number of weeks could not have been calculated to be due in addition to the amount payable for the total loss of the right foot.* However, it was then provided in the law, as now, that " in all other cases in this class of disability " the compensation should be based on the difference between the employee's average weekly wages and his wage-earning capacity thereafter, " payable during the continuance of such partial disability." It was evidently contemplated that in the case of a loss which was greater than the loss of one physical member but not so great as the loss of two members resort might be had to this provision to secure compensation in excess of that provided for in the arbitrary schedules of the subdivision. It is fairly clear from the nature of the injuries sustained by the claimant, and from other proof

---

* See Workmen's Compensation Law, § 15, subd. 3, as amd. by Laws of 1917, chap. 705, and Laws of 1920, chaps. 532, 533. Entire statute is now Consol. Laws, chap. 67; Laws of 1922, chap. 615.— [REP.

given in the case, that the claimant has no present wage-earning capacity. In this event the claimant would be entitled to two-thirds of his average weekly wages during the continuance of his disability. The same would be true if we regarded the disability of claimant to be total rather than partial. It is immaterial, therefore, whether we classify the claimant's disability as " total permanent " or as " permanent partial " for in either event he would be entitled to precisely the award which has been made to him.

The award should be affirmed, with costs to the Industrial Board.

KILEY, J., concurs.

Award reversed and matter remitted to the State Industrial Board, with costs to the appellants against the State Industrial Board to abide the event.