Before STATE INDUSTRIAL BOARD, Respondent.
EDWARD YOCUM, Claimant, Respondent, *v.* UNION BUILDERS CORPORATION and Another, Appellants.

Third Department, March 7, 1923.

Workmen's compensation — award — evidence justified finding that claimant sustained permanent total disability — award would be same for permanent partial disability since employee had no wage-earning capacity.

The finding of the State Industrial Board that the claimant had sustained a permanent total disability was justified by the evidence as to the nature of his injuries and that he was unable at the time of the hearing, six years thereafter, when he was sixty-four years of age, to perform any labor and probably would never be able to re-engage in a remunerative occupation. The amount of the award, however, would not be different if it were found that he had suffered only a permanent partial disability, since the evidence establishes that he has no present wage-earning capacity.

APPEAL by the defendants, Union Builders Corporation and another, from an award of the State Industrial Board, made on the 1st day of June, 1922.

E. C. Sherwood [William B. Davis of counsel], for the appellants.

Carl Sherman, Attorney-General [E. C. Aiken, Deputy Attorney-General, of counsel], for the respondents.

VAN KIRK, J.:

The claimant was injured July 8, 1916, while in the course of his regular work. Awards have been made and have been paid in the sum of $3,500, prior to this award appealed from. Three thousand five hundred dollars is the maximum award which may be granted for temporary disability, either total or partial. (Workmen's Compensation Law, § 15, subds. 2, 4, as amd. by Laws of 1916, chap. 622.) The appellants claim that the evidence does not justify the finding that claimant has sustained a permanent total disability.

The claimant fell from a roof to the ground. His leg was broken at the neck of the femur and there was a comminuted fracture of the right humerus. His thigh circumference measurement is two inches short; his leg cannot sustain his weight, except momentarily in stepping; he has prominent varicose veins and the muscles of his leg are weak; his leg is shortened one and one-half inches. The muscle tone of the leg is poor. The knee is deficient in strength. The broken bone of his right arm has united, but there is displacement. He complains of certain numbness in the little and third fingers of his other hand. "There are other disabilities of the other arm." "There is a general disability in his back." The claimant testified that he could not work; that he is suffering in his back and hip. The appellants admitted at the hearing that the claimant was unable to work.

Section 15 of the Workmen's Compensation Law (as amd. by Laws of 1916, chap. 622)* contains this: "The following schedule of compensation is hereby established:

"1. Total permanent disability. In case of total disability adjudged to be permanent sixty-six and two-thirds per centum of the average weekly wages shall be paid to the employee during the continuance of such total disability. Loss of both hands, or both arms, or both feet, or both legs, or both eyes, or of any two thereof shall, in the absence of conclusive proof to the contrary, constitute permanent total disability. In all other cases per-

* Since amd. by Laws of 1917, chap. 705, and Laws of 1920, chaps. 532, 533, 534; now Consol. Laws, chap. 67 (Laws of 1922, chap. 615), § 15.— [REP.

manent total disability shall be determined in accordance with the facts.

" 2.     *    *    *

" 3. Permanent partial disability.  In case of disability partial in character but permanent in quality the compensation shall be sixty-six and two-thirds per centum of the average weekly wages and shall be paid to the employee for the period named in the schedule, as follows:     *    *    *

" Loss of use.  Permanent loss of the use of a hand, arm, foot, leg, eye, thumb, finger, toe, or phalange, shall be considered as the equivalent of the loss of such hand, arm, foot, leg, eye, thumb, finger, toe or phalange.     *    *    *

" Other cases.  In all other cases in this class of disability, the compensation shall be sixty-six and two-thirds per centum of the difference between his average weekly wages and his wage-earning capacity thereafter in the same employment or otherwise, payable during the continuance of such partial disability, but subject to reconsideration of the degree of such impairment by the Commission [now Board] on its own motion or upon application of any party in interest."

Thus permanent disability is shown by showing loss of two of the members named in subdivision 1, unless by proof the contrary is conclusively established.  But also a man may be permanently disabled without the total loss of two members; that is, whether or not there is permanent disability remains a free question to be determined in accordance with the facts.  We think the State Industrial Board was justified in finding that, " because of said injuries and their consequences he [the claimant] sustained a permanent total disability."  It is conceded he was at the time of this award unable to work.  The evidence, partly above stated, shows more than a disability at the time.  He was injured six years before this award was made and his condition had become fixed, had not changed for the better in months.  His right leg was permanently disabled and his right arm forty per cent disabled.  Dr. Grant reported on October 5, 1921:  " He is unable to work and at his age, sixty-four, the presumption is he will never re-engage in remunerative occupation; " and testified he " presents a very poor probability of ever again re-engaging in remunerative occupation.     *    *    *  Q. If it was not for the right leg and right arm would he be able to work?  A. I would say this, I do not think so.  I am very doubtful if the man will ever re-engage in industrial work again.     *    *    *  The injury to his leg and his arm and other complaints which this man has to my mind renders him incapable of work."

But were we to conclude that he suffers only a permanent partial disability, the award should be sustained, for he would be then entitled to sixty-six and two-thirds per centum of the difference between his average weekly wages and his wage-earning capacity, payable during the continuance of such partial disability. The evidence shows that he has no present wage-earning capacity; if he regains some wage-earning capacity the award is subject to reconsideration by the Board. (Workmen's Compensation Law, § 15, subd. 3, as amd. *supra;* now Workmen's Compensation Law of 1922, § 15, subd. 3, ¶ u.) The award then would be the same in amount as for permanent total disability. (See dissenting opinion, *Crockett* v. *Coppins & Sons,* 202 App. Div. 535, 537.)

This case is materially different from the *Crockett* case. There the claimant was fifty years of age; here sixty-four. There no injury was done to either arm, or otherwhere than to his two feet. In the prevailing opinion it was said: " The claimant can do any work for which he is or may be adapted, and which does not involve the use of his feet." Here the claimant's right arm is forty per cent disabled and he has other disabling defects in hand and back.

At his age, and conditioned as he is, how can it be said he has any wage-earning capacity? Or for that matter, that he is not permanently disabled?

Under the proof in this case we think the finding of the State Industrial Board is conclusive. The award should be affirmed, with costs to the State Industrial Board.

Present — H. T. KELLOGG, Acting P. J., KILEY, VAN KIRK, HINMAN and HASBROUCK, JJ.

Award unanimously affirmed, with costs in favor of the State Industrial Board.