In the Matter of the Claim of AUGUST MARHOFFER, Respondent, against ALEXANDER MARHOFFER et al., Appellants.

STATE INDUSTRIAL COMMISSION, Respondent.

**Workmen's Compensation Law — compensation for injury under such law is for inability to work, not indemnity for physical injury, as such — erroneous award of consecutive compensation first for temporary disability and thereafter for permanent injury.**

1. The theory of the Workmen's Compensation Law of this state is not indemnity for loss of a member or physical impairment, as such, but compensation for disability to work made on the basis of average weekly wages.

# 544 MATTER OF MARHOFFER v. MARHOFFER.

2. The " 'compensation' allowed by the law means the money allowance payable to an employee" (§ 3, ¶ 6). But one rate of compensation, sixty-six and two-thirds per centum of the average weekly wage, and one period of compensation are provided for in any given case. The award is to compensate for loss of earning power.

3. Where claimant's second finger was cut off and the thumb and index finger were severely lacerated, the injuries to the thumb and finger might constitute temporary total disability for which he would be entitled to compensation at the rate of sixty-six and two-thirds per cent of his average weekly wages to be paid during the continuance thereof, not to exceed a certain amount; the loss of the second finger constituted permanent partial disability, for which, under paragraph 3 of section 15, he would be entitled to compensation at the same rate for thirty weeks; but it was error for the industrial commission to award consecutive compensation for such injuries first, during temporary disablity and thereafter for the full period for the permanent injury, and the award for the temporary total disability should be reversed and that claim be dismissed.

*Matter of Marhoffer* v. *Marhoffer*, 175 App. Div. 52, reversed.

(Argued March 1, 1917; decided May 1, 1917.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered December 8, 1916, which affirmed an award of the state industrial commission under the Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*John N. Carlisle, Charles B. Sullivan* and *Alfred W. Andrews* for appellants. As claimant's disability from all causes wholly ceased on his return to work ten weeks after the injury, an award of eight weeks for temporary total disability in addition to thirty weeks' specific award for the loss of the middle finger, for permanent partial disability, was erroneous. There is no authority in the statute permitting the commission to make two distinct awards for the same injury under two different sections of the act. (*Timon* v. *Blair*, 181 Mich. 76; *Matter of Fredenberg* v. *E. U. Ry. Co.*, 168 App. Div. 618.) The act specifically provides that when compensation is

allowed for permanent partial disability, such compensation shall be in lieu of all other claims. (Cons. Laws, ch. 67, § 15.)

*Egburt E. Woodbury, Attorney-General (E. C. Aiken* of counsel), for respondent. The claimant is entitled to consecutive awards for the disability arising through the injuries to the index finger and thumb of his right hand, as well as the thirty weeks for the loss of the second finger of his right hand. (*Nitram Co.* v. *Creagh,* 86 Atl. Rep. 435; *Maziarski* v. *Ohl & Co.,* 93 Atl. Rep. 110; *Burbage* v. *Lee,* 93 Atl. Rep. 859; *De Zeng Standard Co.* v. *Pressey,* 92 Atl. Rep. 278.)

POUND, J. On November 27, 1915, claimant's right hand was injured in the course of his employment. The second finger was cut off and the thumb and index finger were severely lacerated. The injuries to the thumb and finger might constitute temporary total disability under paragraph 2 of section 15 of the Workmen's Compensation Law (Consol. Laws, ch. 67), for which he would be entitled to compensation at the rate of sixty-six and two-thirds per cent of his average weekly wages to be paid to him during the continuance thereof, not to exceed $3,500. The loss of the second finger constituted permanent partial disability, for which, under paragraph 3 of section 15, he would be entitled to compensation at the same rate for thirty weeks.

The state industrial commission, having found that claimant was totally disabled for ten weeks from the time of the accident, awarded him compensation therefor for eight weeks, no compensation except for treatment and care being allowed for the first two weeks (§§ 12–13). The commission also awarded him compensation for the further and additional period of thirty weeks for the loss of the second finger, to begin at the expiration of the eight weeks' period. The question is whether the com-

mission properly awarded consecutive compensation, first during temporary disability and thereafter for the full period for the permanent injury. The law. is silent on the subject. The provision in paragraph 3 of section 15 that " the compensation for the foregoing specific injuries (loss of hand, arm, foot, leg, etc.) shall be in lieu of all other compensation " plainly means "all other compensation for each of the foregoing specific injuries " and does not by its terms exclude compensation for other injuries as defined in other paragraphs.

In some other jurisdictions more than a single period of compensation is specifically provided for. The New Jersey act provides (§ 14-a) that compensation for all classes of injuries shall run consecutively and not concurrently, first two weeks medical and hospital services and medicines, then compensation during temporary disability, then compensation consecutively for each permanent injury, the total number of weekly payments not to exceed four hundred. The Massachusetts act (§ 11) provides that in case of the specified injuries (loss of hand, foot, etc.) the amount named shall be paid in addition to all other compensation. The Illinois act (§ 7-e) also provides that compensation for the specified injuries shall be in addition to the compensation during temporary total disability. Nothing in our law so provides or permits the commission to begin the period of disability at any later date than the fifteenth day of disability.

The theory of the New York law is not indemnity for loss of a member or physical impairment as such but compensation for disability to work made on the basis of average weekly wages. " 'Compensation ' means the money allowance payable to an employee " (§ 3, par. 6). But one rate of compensation, sixty-six and two-thirds per centum of the average weekly wage, and one period of compensation are provided for in any given case. Subject to the limitations contained in the act, in cases of total disability, whether adjudged to be permanent or

temporary, compensation is paid during the continuance of the disability. In case of statutory permanent partial disability, such as the loss of a hand, arm, foot, finger, etc., the compensation is paid for the period named in the schedule. The award is to compensate for loss of earning power. (*New York Central Railroad Co.* v. *White*, 243 U. S. 188; *Matter of Jensen* v. *Southern Pacific Co.*, 215 N. Y. 514, 519.) "The compensation awarded the employee is not such as is recoverable under the rules of damages applicable in actions founded upon negligence. It is based on loss of earning power \* \* \*." (*Matter of Winfield* v. *N. Y. C. & H. R. R. R. Co.*, 216 N. Y. 284, 289.) Concurrent awards and consecutive awards based on separate items of physical impairment, disconnected from earning power, alike ignore the fundamental principle that the basis of compensation is a sum payable weekly for a fixed time during which the employee is actually or presumptively totally or partially disabled and non-productive. All compensation acts have their foundation on the failure of the common law to provide a remedy for accidental injuries where the employer was not at fault, and both right and remedy thereunder are unknown to the common law. "The primary purpose of this act was to give compensation in those cases where no claim of negligence on the part of the employer could reasonably be made." (*Matter of Winfield* v. *N. Y. C. & H. R. R. R. Co.*, *supra.*) It, therefore, provides for limited and certain, not full but uncertain, compensation for the results of an injury. If the injury causes death the wages of the deceased are the sole basis of the benefits, except funeral expenses, awarded to his dependents. (§ 16.)

While it may be urged that the law (§ 2) says that "compensation \* \* \* shall be payable for injuries sustained," and that injuries are recognized by the law which do not necessarily impair earning power for any fixed period. such as "serious facial or head disfigure-

ment," the schedule of compensation refers to disabilities (§ 15) only, and to compensation in case of disability only, and, so far as compensation is allowed for injuries which do not have any relation to disability for the full period for which such compensation is allowed, such allowances are the anomalies and not the characteristics of the statute. Any loss of physical function detracts potentially from earning power, and the legislature is, therefore, justified in establishing a fixed period of compensation based on a specific injury, such as the loss of a finger. If the injury detracts more or less from the earning power than the period fixed by the statute, it may at least be said that the rule is simple and the scale of compensation definite. The word "disability" in the law as we read it, therefore, means "impairment of earning capacity" and not "loss of a member." (*Limron* v. *Blair*, 181 Mich. 76.) The New Jersey act which allows compensation for loss of a member as such (*De Zeng Standard Co.* v. *Pressey*, 86 N. J. Law, 469; affd., 88 N. J. Law, 382) plainly rejects this theory and adopts a more liberal one.

The entire matter is committed to the legislative discretion (*Shanahan* v. *Monarch Engineering Co.*, 219 N. Y. 469), which has not seen fit to provide for concurrent (*Matter of Fredenburg* v. *Empire U. Rys., Inc.*, 168 App. Div. 618) or consecutive compensation. If the act is not sufficiently broad in view of the fact that it covers negligent as well as non-negligent injuries we may not disregard its provisions to deal more scientifically or justly with the subject.

The order of the Appellate Division affirming the award for eight weeks' temporary total disability should be reversed and that claim dismissed, with costs against the industrial commission.

Hiscock, Ch. J., Collin and McLaughlin, JJ., concur; Chase, Hogan and Andrews, JJ., dissent.

Order reversed, etc.