Before STATE INDUSTRIAL BOARD, Respondent.

HERMAN PINSKI, Respondent, *v.* SUPERIOR FIREPROOF DOOR AND SASH COMPANY and Another, Appellants.

Third Department, May 8, 1924.

**Workmen's compensation — award under Workmen's Compensation Law, § 15, subd. 3, par. u, based on loss of earning capacity cannot be made to take effect at expiration of award for partial loss of use of arm made under § 15, subd. 3, pars. a, r, s.**

It is improper for the State Industrial Board to make an award under paragraphs a, r, and s of subdivision 3 of section 15 of the Workmen's Compensation Law for the loss of fifteen per cent of the use of claimant's arm, and also an award under paragraph u of subdivision 3 of said section to commence subsequently to the expiration of the first award and based on the loss of earning capacity, but without any reference to the fact that the prior compensation was fixed without reference to earning capacity. The two awards are inconsistent.

APPEAL by the defendants, Superior Fireproof Door and Sash Company and another, from an award of the State Industrial Board, made on the 27th day of July, 1923.

The State Industrial Board has found that the claimant "fell down the stairs dislocating his right shoulder and causing slight atrophy thereof and causing the loss of fifteen per cent of the use of the right arm and also causing a traumatic arthritis, which has partially disabled the claimant beyond 46 4/5 weeks for the loss of fifteen per cent of the right arm, which disability still continues."

An award was made as follows: "For 46 4/5 weeks for the loss of fifteen per cent of the right arm from the date of the accident, June 14, 1922, at $16.77 per week, carrying the award to May 8, 1923, and award of fifty per cent of his former weekly wages for 11 2/3 weeks at $8.38 per week, amounting to $97.77, to July 27, 1923, and the case continued."

20

*Lyon & Smith* [*Edward P. Lyon,* of counsel], for the appellants.

*Carl Sherman,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], for the respondents.

Cochrane, P. J.:

One award has been superimposed upon another contrary to the spirit of the statute. The award for fifteen per cent of the use of the arm is based on subdivisions 3a, 3r and 3s of section 15 of the Workmen's Compensation Law. Those subdivisions provide a definite, fixed and scheduled compensation for loss or proportionate loss of a member or of the use thereof. Such compensation is determined by the statute with reference to a certain " number of weeks " according to the particular injury sustained. For loss of an arm or of the use thereof such " number of weeks " is 312, fifteen per cent of which is 46 4/5 weeks fixed by the award herein as the basis for compensation for partial loss of use of the arm. Such number of weeks is an arbitrary statutory adjustment. The compensation thus provided has no reference to earning capacity. The award as made herein also gives to the claimant under subdivision 3u of section 15 compensation subsequent to May 8, 1923, when the 46 4/5 weeks for the partial loss of use of his arm expired, which compensation subsequent to the latter period is based on loss of earning capacity but without any reference to the fact that the prior compensation was fixed without reference to earning capacity. The two awards are manifestly inconsistent. Furthermore subdivision 3u of section 15 indicates by its phraseology that an award based on loss of earning capacity may not be superimposed on an award based on the schedule compensation of subdivision 3 of said section 15. It provides for " all other cases," clearly meaning thereby all other cases in the same " class of disability," such as are not covered by the preceding portion of said subdivision of the section. These " other cases " the subdivision itself protects by complete and adequate compensation without assistance from any other part of the statute. The double methods of compensation which have been combined in this case are clearly outside the statutory plan of compensation.

The award should be reversed and the matter remitted to the State Industrial Board, with costs against said Board.

All concur.

Award reversed and matter remitted to the State Industrial Board, with costs against the said Board.