In the Matter of the Claim of TOBIAS BERNSTEIN, Respondent,
*v.* SIMON HOFFMAN and Another, Appellants.
STATE INDUSTRIAL BOARD, Respondent.

Third Department, January 5, 1927.

**Workmen's compensation — injury to shoulder, arm and thumb — award on basis of forty-five per cent permanent loss of use of arm — no proof that all injury was due to accident — in case of multiple injuries to arm and thumb compensation must be awarded under Workmen's Compensation Law, § 15, subd. 3, par. u.**

The finding by the State Industrial Board that an injury was suffered by the plaintiff to his left shoulder, left arm and thumb of left hand, and the award made on the basis of forty-five per cent of permanent loss of the use of the arm ·is not supported by the evidence, and, in fact, is contrary thereto, since by undisputed medical proofs the left shoulder showed considerable ankylosis before the accident and, therefore, it does not appear that the present condition is a result of the accidental injury.

Furthermore, an award in this case for multiple injuries to the arm and thumb on the basis of a percentage loss of the use of the arm is improper. The award should be made on the basis of the loss of earning capacity under paragraph u of subdivision 3 of section 15 of the Workmen's Compensation Law, relating to " other cases " not specifically covered by the separate schedule provisions, unless upon further hearing it is determined that the disability is confined to one of the two members in question, in which event a schedule award may be made.

APPEAL by Simon Hoffman and another from an award of the State Industrial Board, made on the 23d day of February, 1926.

*Alfred W. Andrews* [*Philip J. O'Brien* of counsel], for the appellants.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the State Industrial Board.

HINMAN, J. The State Industrial Board has made an award for the permanent loss of use of forty-five per cent of the left arm based upon the following finding:

" On July 24, 1924, while the said Tobias Bernstein was engaged in the regular course of his employment, and while working for his employer at his employer's plant, and while putting a partition in a wall thereat, he fell down through open trap door into cellar, and he thereupon sustained injuries in the nature of laceration and contusion over the forehead, laceration over the right eyelid as well as contusion and sprain of the left shoulder and left arm, as well as a cortical

fracture of the terminal phalanx of the left thumb, and which injuries to claimant's left arm have resulted in some defect in internal and external rotation, and which injuries to left thumb have resulted in a slight defect in full flexion at the metacarpal phalangeal joint of the thumb, and which injuries have also resulted in slight atrophy of the left shoulder, and which injuries to the left arm including the thumb condition are equivalent to the permanent loss of use of forty-five per cent of the left arm, the permanent loss of use of forty-five per cent of the left arm being naturally and unavoidably the result of the injuries, which claimant sustained on July 24, 1924."

There is uncontradicted medical proof in the record to the effect that X-rays of the left shoulder show " considerable ankylosis before the accident." The Board has apparently accepted the estimate of a forty-five per cent loss of use of the arm made by one of its staff physicians in a verified report but has ignored a statement made by the same physician in a subsequent verified report, which seems to confirm the testimony of appellant's physician, to the effect that the X-rays indicate chronic osteo arthritic changes which were present at the time of the accident. The issue whether the permanent loss of use as found by the Board was due solely or to any extent to the accident was raised by the proofs before it and the Board has attributed the present defect solely to the accident without any proof, medical or otherwise, to sustain its finding and contrary to the undisputed medical proofs. The testimony of Dr. Hoy, another physician on the medical staff of the Board, is proof only of a present loss of use of between one-third and one-half of the arm, " taking the condition of the thumb and the shoulder into consideration." He gave no testimony as to causal relationship of the present condition of the arm to the accident. The award should, therefore, be reversed on the ground that there is no evidence to sustain the finding that the present condition is the result of the accidental injury.

Another defect in the award which should be brought to the attention of the Board relates to that portion of its finding which states that the " injuries to the left arm *including the thumb condition* are equivalent to the permanent loss of use of forty-five per cent of the left arm." Obviously the Board has determined the percentage of loss of use of the arm by combining the injury to the shoulder and the injury to the thumb and has made an award on the basis of the proportionate loss of use of both but has denominated it as a schedule award for proportionate loss of use of the arm. The theory apparently was that the thumb was a part of the arm. The law, however, makes a distinction between

the two members and allows a separate schedule award for each or for partial loss of use of each. Any proportionate addition to the arm loss in this case by reason of the thumb condition was not justified under the statutory classification. A workman may have perfect use of the hand and all of its members even though he has suffered a loss of function of the arm at the shoulder. If he suffers a multiple injury consisting of a partial loss of use of the hand as well as of the arm, the law seems to require that compensation be awarded under paragraph u of subdivision 3 of section 15 of the Workmen's Compensation Law, relating to "other cases" not specifically covered by the separate schedule provisions. One schedule award for partial loss of use of the arm cannot be made to begin at the conclusion of another schedule award for partial loss of use of the thumb, within the reasoning laid down in *Matter of Marhoffer* v. *Marhoffer* (220 N. Y. 543). It seems to be the law of this State, as interpreted in that decision, that schedule awards are not made because a claimant has been deprived of a physical member as such, but because he has had an " impairment of earning capacity " through the loss of a member, the length of the disability being arbitrarily fixed by the Legislature. It was said in that case: " Nothing in our law * * * permits the Commission to begin the period of disability at any later date than the fifteenth day of disability." So the theory of our law seems to be that in the case of an injury to two members such as the thumb and the arm the disability to work arising from the loss of use of one is during the same period as the disability to work caused by the loss of use of the other. We so held in *Matter of Feeney* v. *Gorman* (218 App. Div. 796), in which we affirmed an award without opinion. In that case the claimant fractured the bones of both feet in a fall from a ladder. The Board found a permanent partial disability in each foot. The appellant argued that as the loss was confined to the two feet there should have been an award on the basis of the schedule for proportionate loss of use of each foot. We decided that the award was properly made on a basis of reduced earning capacity under paragraph u of subdivision 3 of section 15 of the Workmen's Compensation Law. A similar situation arose in *Crockett* v. *Coppins & Sons* (202 App. Div. 535), where the claimant lost the use of his right foot and part of the use of his left foot. We held that paragraph u of subdivision 3 of said section 15 properly included that case.

Our conclusion is that the claimant's earning capacity should be fixed and an award should be made under paragraph u of subdivision 3 of said section 15 unless, after further hearing, the Board should find that the disability is confined simply to one of the two

members in question, in which event a schedule award may be made for proportionate loss of use of that member.

The award should be reversed and the claim remitted, with costs against the State Industrial Board to abide the event.

COCHRANE, P. J., VAN KIRK, McCANN and DAVIS, JJ., concur.

Award reversed and claim remitted, with costs against the State Industrial Board to abide the event.