## Third Department, July, 1927.

In the Matter of the Claim of Henry Schaeffer, Respondent, against Buffalo Steel Car Company and Another, Appellants.

State Industrial Board, Respondent.

*Workmen's compensation — award — award under Workmen's Compensation Law, § 15, subd. 3, paragraph u, cannot be appended to schedule award.*

Appeal from an award of the State Industrial Board, made on February 15, 1926.

Per Curiam. An award under paragraph u of subdivision 3 of section 15 of the Workmen's Compensation Law cannot be appended to a schedule award. (*Pinski* v. *Superior Fireproof Door & Sash Co.*, 209 App. Div. 305; *Hinley* v. *Brooklyn Heights R. R. Co.*, 215 id. 857; *Matter of Bernstein* v. *Hoffman*, 219 id. 152.) If an award is proper in this case it may be made under said paragraph u for combined injuries to both arm and back, such award to date from the time of the accident, and appellants should be credited on such award with all payments made under the schedule award. Cochrane, P. J., Van Kirk, McCann, Davis and Whitmyer, JJ., concur. Award reversed and claim remitted, with costs against the State Industrial Board to abide the event.

In the Matter of the Claim of Anna Daly, Respondent, against United States Trucking Company, Appellant.

State Industrial Board, Respondent.

*Workmen's compensation — deceased employee fell from truck — no evidence to show cause of fall — accident did not arise out of employment.*

Appeal from an award of the State Industrial Board, made on June 22, 1925.

Per Curiam. Assuming that the deceased employee was not intoxicated there is no explanation of what caused him to fall from the truck, nor any evidence that the accident arose out of the employment. Cochrane, P. J., Van Kirk, McCann, Davis and Whitmyer, JJ., concur. Award reversed and claim dismissed, with costs against the State Industrial Board.