In the Matter of the Claim of JOSEPH QUINN, Respondent, against JAMES FANNING, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 17, 1927.

**Workmen's compensation — award — award based on decreased earning capacity cannot be superimposed on schedule award — Workmen's Compensation Law, § 15, subd. 3, par. u, applied.**

An award based on the decreased earning capacity of the claimant cannot be superimposed on a schedule award previously made.

It seems, that paragraph u of subdivision 3 of section 15 of the Workmen's Compensation Law is applicable.

APPEAL by James Fanning, Inc., and another, from an award of the State Industrial Board, made on the 16th day of December, 1926.

*William H. Foster*, for the appellants.

*Albert Ottinger, Attorney-General [E. C. Aiken, Assistant Attorney-General, of counsel], for the respondents.*

WHITMYER, J. The Board found that claimant, on August 10, 1925, while on a building, working for his employer and showing an apprentice bricklayer some defective work on the elevator shaft, accidentally fell down the shaft and sustained injuries in the nature of a crush fracture of the tenth thoracic vertebra and a dislocation of the eleventh rib, an abrasion of the left forearm, laceration of the scalp, contusion of the right ankle and a chip fracture of the external malleolus and that, as a result of the chip fracture, he sustained the permanent loss of use of twenty-five per cent of the right foot; and that he was permanently and partially disabled, from November 18, 1926, to December 16, 1926, as a result of the compressed fracture of the tenth dorsal vertebra, in that said injury caused him to suffer from a stiff and weak back. An award for permanent loss of use of twenty-five per cent of the right foot, fifty-one and one-quarter weeks, at $20 per week, $1,025, was made on April 19, 1926. That was a schedule award. The present one is for decreased earning capacity and does not state what it was for, but the period covered by it is identical with the period mentioned in the 2nd paragraph of the findings, relating to the results of the compressed fracture of the tenth dorsal vertebra, so that it is apparent that it relates to the disability resulting from that fracture. The difficulty is that the finding is preceded by the one relating to the foot and, for aught that appears, that condition,

already compensated by a schedule award, may have been considered along with the back condition in making the award.

In addition, it seems, under the decisions, that an award based on decreased earning capacity may not be superimposed on a schedule award and that the case falls under section 15, subdivision 3, paragraph u, of the Workmen's Compensation Law. (*Matter of Marhoffer* v. *Marhoffer*, 220 N. Y. 543, 546, 548; *Pinski* v. *Superior Fireproof Door & Sash Co.*, 209 App. Div. 305; *Matter of Bernstein* v. *Hoffman*, 219 id. 152, 154.)

The award should be reversed and the claim remitted, with costs against the State Industrial Board.

COCHRANE, P. J., VAN KIRK, McCANN and DAVIS, JJ., concur.

Award reversed and claim remitted, with costs against the State Industrial Board to abide the event.