In the Matter of the Claim of AARON RUBENSTEIN, Respondent, against PECHTER BAKING COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.*

Third Department, September 20, 1928.

* Affd., 249 N. Y. 433.

Bernard J. Vincent [*T. Carlyle Jones* of counsel], for the appellants.

*Albert Ottinger, Attorney-General [E. C. Aiken, Assistant Attorney-General, of counsel], for the respondent.*

HINMAN, J. The appeal is from an award for total loss of use of the left eye. The loss of use of the eye (160 weeks under Workmen's Compensation Law, § 15, subd. 3, ¶ e, as amd. by Laws of 1924, chap. 317; Id. ¶¶ p, r) was awarded to run from the date when a previous schedule award (eighty-one and one-third weeks for loss of use of one-third of a hand under § 15, subd. 3, ¶¶ c, s), running from the date of accident, had terminated and which had been paid. The question is whether one schedule award for the loss of use of a member may be made to begin at the conclusion of another schedule award for loss or partial loss of use of another member.

We think the case falls under paragraph u of subdivision 3 of section 15 of the Workmen's Compensation Law. A schedule award for temporary partial disability may not be appended to an award for temporary total disability so that compensation for the former begins to run at the end of the period covered by the latter. (*Matter of Marhoffer* v. *Marhoffer*, 220 N. Y. 543.) An award made for the loss of a hand or other member is not for the loss of that member, but for disability to work due to such loss. (*Matter of Marhoffer* v. *Marhoffer, supra.*) To make two or more schedule awards consecutive by appending one to the other is to regard an award for the loss of each member as an indemnity, which the Court of Appeals has declared is not the theory of the New York State law. " Concurrent awards and consecutive awards based on separate items of physical impairment, disconnected from earning power, alike ignore the fundamental principle that the basis of compensation is a sum payable weekly for a fixed time during which the employee is actually or presumptively totally or partially disabled and non-productive. * * * The word ' disability ' in the law as we read it, therefore, means ' impairment of earning capacity ' and not ' loss of a member.' " (*Matter of Marhoffer* v. *Marhoffer, supra,* 547, 548.) Within the principle that the loss

of the eye and the partial loss of the hand constitute but one permanent partial disability to work, and that such multiple injuries affecting several members are not specifically covered by the schedule provisions of subdivision 3 of section 15, we have heretofore held in a number of cases that resort must be had to paragraph u of subdivision 3 of section 15, relating to " all other cases in this class of disability " (permanent partial disability). In *Matter of Feeney* v. *Gorman* (218 App. Div. 796), in which we affirmed an award without opinion, the claimant fractured the bones of both feet in a fall from a ladder, causing a permanent partial disability in each foot. We decided that the award was properly made under paragraph u rather than on the basis of the schedule for proportionate loss of use of each foot, as urged by the appellant in that case. That decision was followed by us in *Matter of Bernstein* v. *Hoffman* (219 App. Div. 152), involving an injury to a shoulder and a thumb. In *Matter of Monsees* v. *Ellerin* (221 App. Div. 827) the claimant suffered a permanent partial loss of use of both hands through freezing. We thought that he should have a disability award under paragraph u instead of a separate award for each hand, and we reversed, without opinion, an award made on the latter basis. We rest our decision here on those authorities. An award on the " impaired earnings " principle under paragraph u, on the basis of the injured employee's loss of wage-earning capacity, presumably for the rest of his life, affords a just basis of compensation within the fundamental conception of the Workmen's Compensation Law and permits each injury to receive due consideration. Any such award if now made must date from the time of the accident and appellants should be credited on such award with all payments made under the schedule award for one-third loss of use of the hand, which has been paid. (*Matter of Schaeffer* v. *Buffalo Steel Car Company*, 221 App. Div. 808.)

The award should be reversed and matter remitted, with costs against the State Industrial Board to abide the event.

VAN KIRK, P. J., DAVIS, WHITMYER and HASBROUCK, JJ., concur.

Award reversed and claim remitted, with costs against the State Industrial Board to abide the event.