In the Matter of the Claim of LEWIS B. HOFFMAN against CHATHAM ELECTRIC LIGHT, HEAT AND POWER COMPANY et al., Respondents.

THE STATE INDUSTRIAL BOARD, Appellant.

In the Matter of the Claim of HERMAN GEFERS against NEW YORK WINDOW CLEANING COMPANY, INC., et al., Respondents.

THE STATE INDUSTRIAL BOARD, Appellant.

In the Matter of the Claim of AARON RUBENSTEIN against PECHTER BAKING COMPANY et al., Respondents

THE STATE INDUSTRIAL BOARD, Appellant.

(Argued November 20, 1928; decided December 4, 1928.)

*Albert Ottinger, Attorney-General (E. C. Aiken* of counsel), for appellant. Schedule awards may be made for the loss of any members as the result of industrial accident specified in section 15, subdivision 3, of the Workmen's Compensation Law. (*De Caprio* v. *General Electric Company*, 244 N. Y. 500; *Colt* v. *O'Connor*, 109 N. Y. Supp. 689.)

*William C. Hawver* for Chatham Electric Light, Heat and Power Company et al., respondents. The State Industrial Board was without jurisdiction to make the award. (*Matter of Marhoffer* v. *Marhoffer*, 220 N. Y. 543; *Matter of Rubenstein* v. *Pechter Baking Co.*, 224 App. Div. 324; *Matter of Gefers* v. *N. Y. Window Cleaning Co.*, 224 App. Div. 792; *Matter of Bernstein* v. *Hoffman*, 219 App. Div. 152; *Matter of Schaeffer* v. *Buffalo Steel Car Co.*, 221 App. Div. 808; *Matter of Jennix* v. *Warren City Tank & Boiler Co.*, 221 App. Div. 827; *Matter of Hinley* v. *Brooklyn Heights R. R. Co.*, 215 App. Div. 857.)

*James J. Mahoney* and *George J. Stacy* for New York Window Cleaning Co., Inc., et al., respondents. The granting of a three-schedule award is improper and contrary to law. (*Matter of Marhoffer* v. *Marhoffer*, 220 N. Y. 543.)

*T. Carlyle Jones* and *Bernard J. Vincent* for respondents. One schedule award for the loss of use of a member may not be made to begin at the conclusion of another schedule award for the partial loss of use of another member, but the case rather falls under paragraph " u " of subdivision 3 of section 15 of the Compensation Law. (*Matter of Marhoffer* v. *Marhoffer*, 220 N. Y. 543; *Bernstein* v. *Hoffman*, 219 App. Div. 152; *Feeney* v. *Gorman*, 218 App. Div. 796; *Crockett* v. *Coppins & Sons*, 202 App. Div. 535.)

*Per Curiam.* Under our ruling in *Matter of Marhoffer* v. *Marhoffer* (220 N. Y. 543) awards for injuries may not properly be consecutive.

The question of the application of subdivision 3-u of section 15 of the Workmen's Compensation Law (Cons. Laws, ch. 67) is not before us on these appeals.

The orders should be affirmed with costs against the State Industrial Board and the questions certified answered in the negative.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Orders affirmed, etc.