In the Matter of the Claim of John Carolan, Respondent, against R. Hoe & Company and Another, Appellants. State Industrial Board, Respondent.

Third Department, March 7, 1929.

*Bacon & Tippett [Clarence B. Tippett* of counsel], for the appellants.

*Albert Ottinger, Attorney-General [E. C. Aiken, Assistant Attorney-General,* of counsel], for the respondents.

VAN KIRK, P. J. The accident occurred March 26, 1921. The claimant fell and sustained the following injuries: A fracture of the right clavicle and of the skull at the base, concussion of the brain, bleeding from ears and nostrils. General disability awards for short periods were made and paid and claimant returned to work in December, 1922, at reduced wages. On October 15, 1923, he was given a schedule award for forty per cent loss of use of the right arm, covering a period from March 26, 1921, to August 16, 1923; no appeal was taken and this award was paid. Two decreased earnings awards were made; one, October 3, 1924, covering the period from August 16, 1923, to June 13, 1924, and the other, January, 1925, covering the period from June 13, 1924, to December 29, 1924. On appeal these two awards were reversed and the claims remitted (214 App. Div. 356). Thereafter the award now appealed from was made for decreased earnings, covering the period from June 13, 1924, to April 1, 1928. The decision rescinded all prior awards made since June 13, 1924, and directed payment of the award " less payments already made to him covering this period." No payments covering the period specified in the award had been made. The Board based this award upon the finding that claimant slipped and fell and " sustained injuries in the nature of a concussion of the brain, as well as fracture of the right clavicle, and which injuries

have caused claimant to suffer from severe headaches and dizziness;" all of which injuries "have caused claimant to be disabled from March 26, 1921, to April 1, 1928." We observe that, while this declared period of disability begins March 26, 1921, the period covered by the award begins June 13, 1924.

The former two decreased earnings awards were reversed because of failure of proof of a disability causally related to the accident. In the opinion no mention was made of the schedule award, which had been paid and had not been vacated or modified.

The award here on appeal must be reversed. Where all of the disability is sustained in one accident, an award for decreased earnings may not be appended to a schedule award (*Pinski* v. *Superior Fireproof Door & Sash Co.*, 209 App. Div. 305; *Schenker* v. *Karch*, 210 id. 822; *Matter of Quinn* v. *Fanning, Inc.*, 221 id. 687), nor may two schedule awards be made covering consecutive periods. (*Matter of Rubenstein* v. *Pechter Baking Co.*, 224 App. Div. 324; affd., *sub nom. Matter of Hoffman* v. *Chatham E. L., H. & P. Co.*, 249 N. Y. 433; *Matter of Marhoffer* v. *Marhoffer*, 220 id. 543; *Matter of Bernstein* v. *Hoffman*, 219 App. Div. 152.) In such cases the award should be made under paragraph u of subdivision 3 of section 15 of the Workmen's Compensation Law. (*Matter of Schaeffer* v. *Buffalo Steel Car Co.*, 221 App. Div. 808; *Matter of Sinnott* v. *Eastern Woodworking Co.*, 217 id. 812; *Matter of Rubenstein* v. *Pechter Baking Co., supra.*) In the *Schaeffer* case an award under paragraph u of subdivision 3 of section 15 had been appended to a schedule award. We said: "If an award is proper in this case it may be made under said paragraph u for combined injuries to both arm and back, such award to date from the time of the accident, and appellants should be credited on such award with all payments made under the schedule award." In the *Sinnott* case claimant sustained injuries to the stomach and hand. An award for the loss of use of one-third of a hand had been paid; a later award for further compensation for decreased earnings was reversed and the claim remitted on the ground that the award was partly based on an injury to the hand for which a schedule award had theretofore been made and paid.

We have reversed awards for decreased earnings which had been made after schedule awards had been made and paid and no appeal taken therefrom. In those cases we have said that the award, if any, should be made under paragraph u and prior payments should be deducted, but in none have we directed what disposition is to be made of the schedule award. We think the practice should be settled. A schedule award is not a final adjudication between the parties because the Industrial Board has continuing juris-

diction in every case and may make such change with respect to former findings or orders as in its opinion may be just (Workmen's Compensation Law, § 123; in 1921 § 74) and may at any time review an award and make an award ending, diminishing or increasing the compensation, but " no such review shall affect such award as regards any moneys already paid." (Id. § 22.) When an award is made under paragraph u, directing that payments already made are to be deducted, the schedule award is not affected as regards moneys already paid. We do not think that the amendments since 1921 of sections 74 and 22 have changed in any manner here material the jurisdiction and power of the Industrial Board; they have made more plain the intent of the Legislature. (*Cohen* v. *Ashford Plumbing Co.*, 203 App. Div. 261.) Also a schedule award is inconsistent with a later decreased earnings award. (*Pinski Case, supra.*) We, therefore, hold that a schedule award, though paid, should be rescinded before an award under paragraph u is made. In so holding no reclassification of disabilities is made. Section 15, subdivision 3, covered permanent partial disability cases due to loss or loss of use of members. The paragraphs thereof, a to s inclusive, provide arbitrary periods for the several disabilities named. Paragraph t provides for facial and head disfigurement. Paragraph u provides for all other cases in this class of disability as follows: " Other cases. In all other cases in this class of disability, the compensation shall be sixty-six and two-thirds per centum of the difference between his average weekly wages and his wage-earning capacity thereafter in the same employment or otherwise, payable during the continuance of such partial disability, but subject to reconsideration of the degree of such impairment by the Commission [Board] on its own motion or upon application of any party in interest." If the claimant has in the same accident sustained an injury in addition to and distinct from a loss of a member, which causes a partial disability that continues beyond the arbitrary period fixed by the schedule award, he may have an award under paragraph u, whether or not this additional injury is permanent. The words above quoted from paragraph u, " payable during the continuance of such partial disability," are significant. If a temporary partial disability is not covered by this paragraph, the words would have no meaning. It is the loss or loss of use of a member which brings the case under section 15, subdivision 3, and any injured employee has his right to an award thereunder. There is no other section of the statute which permits an award for such temporary partial disability. The law intends that an employee who is entitled to compensation shall receive compensation according to fixed standards for all the disability

he suffers from the accidental injury. In this case such an enduring partial disability is claimed and found.

Any further or substituted award in this case made must begin from the time of the accident and in accord with his earning capacity thereafter as established. In this case, until December 1, 1922, when he returned to work, he was apparently totally disabled; and, if so, is entitled to that date to an award for total disability. Thereafter he had reduced earning capacity; this earning capacity must be found as the evidence shows it existed after total disability ceased. A further award should provide that moneys already paid be deducted therefrom.

Nothing above said is to be construed as suggesting that a claimant who has suffered multiple injuries, one of which justifies a schedule award, may not elect to present, in the first instance, a claim under paragraph u of subdivision 3 of section 15 of the Workmen's Compensation Law.

The award should be reversed and the claim remitted for further proceedings in accord with this opinion, with costs against the Industrial Board to abide the event.

HINMAN, DAVIS, WHITMYER and HILL, JJ., concur.

Award reversed and claim remitted, with costs against the State Industrial Board to abide the event.