## TEXAS EMPLOYERS' INS. ASS'N et al. v. SHEPPEARD.

District Court, S. D. Texas, at Houston. April 12, 1929.

No. 361.

Royston & Rayzor, of Galveston, Tex., for plaintiffs.

Douglas W. McGregor, Asst. U. S. Atty., of Houston, Tex., opposed.

HUTCHESON, District Judge. This is a suit to set aside for error in law the award of the commissioner under the Longshoremen's and Harbor Workers' Compensation Act (33 USCA §§ 901–950) in a case of "temporary total disability, and permanent partial disability," both resulting from the same injury to an arm.

The commissioner found 35 weeks and 4 days total temporary disability from November 30, 1927, to August 4, 1928, and after August 5, 1928, 10 per cent. permanent partial disability. He allowed compensation for temporary total disability for the full period, 35 weeks and 4 days, and in addition allowed compensation for permanent partial disability for 28 weeks. This latter allowance was arrived at by him by an arbitrary method directed by the United States Employees' Compensation Commission, under which—

(1) The actual healing period was allowed for in full, in this case 35½ weeks.

(2) To the total permanent partial, 312 weeks, there was added 3½ weeks, the excess over 32 weeks' normal healing period, making a total of 315½ weeks.

(3) From this amount was subtracted 35½ weeks already allowed for, leaving a net total of 280 weeks permanent partial, 10 per cent. of which is 28.

Plaintiff, invoking the applicable section of the act (section 8, 33 USCA § 908(c) (22) which provides as follows:

"22. In case of temporary total disability and permanent partial disability, both resulting from the same injury, if the temporary total disability continues for a longer period than the number of weeks set forth in the following schedule, the period of temporary total disability in excess of such number of weeks shall be added to the compensation period provided in subdivision (c) of this section: Arm, thirty-two weeks; leg, forty weeks; hand, thirty-two weeks; foot, thirty-two weeks; eye, twenty weeks; thumb, twenty-four weeks; first finger, eighteen weeks; great toe, twelve weeks; second finger, twelve weeks; third finger, eight weeks; fourth finger, eight weeks; toe other than great toe, eight weeks.

"In any case resulting in loss or partial loss of use of arm, leg, hand, foot, eye, thumb, finger, or toe, where the temporary total disability does not extend beyond the periods above mentioned for such injury, compensa-

tion shall be limited to the schedule contained in subdivision (e),"—declares that the proper award should have been 10 per cent. of 312 weeks, as provided in Schedule (e) for injury to an arm, plus 3½ weeks, the excess of temporary total disability over the normal healing period, to wit, 32 weeks, and that the total award, therefore, should have been for 34.7 weeks.

That plaintiff is right, and that the method pursued by the commissioner was wholly arbitrary, and not only not supported by, but in the face of, the controlling section of the law, I think entirely plain.

Not only is the language of subsection 22 in my opinion, as a matter of first impression, capable of no other construction, but the courts of New York, from which the provision was taken verbatim, have construed it that way, and it is a fundamental rule of statutory construction that the adoption of a statute of another state which had been construed in the courts of that state carries that judicial construction with it in the adopting state.

Congress enacted this Compensation Act on March 4, 1927. At that time the courts of New York, passing upon this identical clause, had given the statute the construction which its terms plainly demanded. A brief review of those decisions is of interest.

In Marhoffer v. Marhoffer, 175 App. Div. 52, 161 N. Y. S. 527, the Supreme Court of New York, under the influence of a good deal the same kind of reasoning employed by the Commission, construed the statute in accordance with the contention now made by the commissioner, but this decision was distinctly and positively overruled in Marhoffer v. Marhoffer, 220 N. Y. 543, 116 N. E. 379.

The matter came up again, this time before the Supreme Court of New York, and on March 3, 1926, in Labionti v. John Meehan & Sons, 215 App. Div. 607, 214 N. Y. S. 442, the Supreme Court setting out the section which, in hæc verba, is the same as that in the federal act under consideration here, declared that a claimant who has suffered partial disability is entitled to an award beyond the schedule period named for such partial disability only when he can show a temporary total disability in excess of the normal healing time, and then only for such excess.

While I do not agree with the Commission that the arbitrary rule adopted by it is in any wise essential to the protection of the employee, since he may claim either temporary total or permanent partial as suits him best, but cannot claim both, if it were so that the matter would under the statute

result as the commissioner fears, such argument ab inconvenienti could not justify a departure from the written law, but would be a matter for legislative remedy.

For, as said by the Court of Appeals of New York in the Marhoffer Case, supra, "the entire matter was committed to legislative discretion, which has not seen fit to provide for concurrent or consecutive compensation," except as in this case, for the excess weeks above the normal healing period.

The whole matter of the purpose, effect, and genius of this Compensation Act is well discussed in Fredenburg v. Empire United Rys., 168 App. Div. 618, 154 N. Y. S. 351; Marhoffer v. Marhoffer, 220 N. Y. 543, 116 N. E. 379.

If Congress, which has adopted the New York act and the construction which the New York courts have put upon it, desires to change the statute so as to avoid either the language or the construction placed upon it by the New York courts, it may do so, but until it does so the Commission must administer the act as it is written, and as it has been interpreted, and not under an arbitrary rule conceived by it to be more beneficial than the one prescribed by statute.