**530**

## BALTIMORE & PHILADELPHIA STEAM-BOAT CO. et al. v. NORTON et al.

### No. 5043.

District Court, E. D. Pennsylvania.
April 28, 1930.

Louis Wagner, of Philadelphia, Pa., for plaintiff.

Calvin S. Boyer, U. S. Atty., of Doylestown, Pa., for Deputy Commissioner.

G. C. Krewson, of Philadelphia, Pa., for Gube.

DICKINSON, District Judge.

This case arises under the act of Congress extending the principle of injured workmen's compensation to those in longshoremen's employment. 33 USCA §§ 901–950. These laws have two main objectives. One is to provide a prompt, speedy, simple, and inexpensive method of adjusting compensation; the other to preserve to every one affected by the award made all his legal rights. To reach the first objective in the practical working of the system reliance is placed upon the Deputy Commissioner; to achieve the second recourse is given to the courts. The Deputy Commissioner has computed the compensation period in the instant case at 146 weeks, and the wage earning capacity of the injured workman at $36.06. The plaintiff complains of the former as longer than the law prescribes, and the latter as in fact too high.

The experienced counsel for the plaintiff, whose familiarity with this legislation has given him a firm grasp of the whole subject, has made an analysis of the act of Congress, which we adopt and follow. The measure of compensation has the dual basis of injury to the workman and his wage earning capacity. The injury is translated into terms of disability. The disability is measured by its extent and duration. We thus have disabilities which are total or partial, permanent or temporary. A third feature is likewise recognized by the act. Every injury, whatever its extent, requires what is called "a healing time." During this period the disability is total. We thus have in terms of disability five classes of injuries. They are (1) total, (2) partial, (3) permanent, (4) temporary, and (5) total for a time and partial thereafter. Injuries, of course, vary in their nature, extent, duration, and required "healing time." The law seeks as best it can to measure compensation by the severity of the injury viewed as a disability by classifying injuries, fixing compensation periods and a healing time, and graduating allowances by fixed percentages. The disability in the instant case was total during the healing time and partial thereafter, and is permanent. The scheduled compensation time applicable is 312 weeks; the percentage 40 per cent., and the allowed healing time 32 weeks. The actual healing time of course varies with the nature and extent of the injury. The law recognizes this by providing for cases in which the actual healing time exceeds the schedule time by extending the compensation time accordingly. The actual healing time here was 34 weeks, and the excess thus 2 weeks. The elements in the compensation computation thus become, as figured by the Commissioner: (1) Actual healing time, 34 weeks; (2) allowed compensation time, 314 weeks; (4) total disability period, 34 weeks;

(5) remaining partial disability period, 280 weeks, and (6) percentage, 40 per cent. He accordingly figures the compensation period at 146 weeks, as follows:

| | | |
|---|---|---|
| 1. Schedule healing period. | 32 weeks | |
| Excess of actual period | 2 weeks | |
| Actual healing and total disability time | | 34 weeks |
| 2. Schedule compensation time | 312 | |
| Excess allowed | 2 | |
| Total compensation time | 314 | |
| Less disability time as above | 34 | |
| Partial disability time | 280 | |
| 40% allowed compensation time | | 112 weeks |
| Total compensation time | | 146 weeks |

The plaintiff figures thus:

| | | |
|---|---|---|
| Schedule compensation time | 312 weeks | |
| Excess allowed | 2 weeks | |
| 40 per cent. of total | 314 | 125.6 weeks |

It will be observed that the difference in these computations is that the Commissioner has allowed for total disability as long as it lasted and for permanent partial disability for the remainder of the compensation, while the plaintiff allows only for permanent partial disability, but allows it for the whole compensation period.

For the soundness of the construction of the act of Congress upon which the 125.6 weeks computation is based, the plaintiff relies upon Texas Employers' Ins. Ass'n v. Sheppeard (D. C.) 32 F.(2d) 300; a regulation of the Commission which followed the ruling and a number of rulings of the New York state courts construing a New York statute of like verbiage with the act of Congress.

■ We are quite in accord with counsel for defendants that the rights of the injured employee under the act of Congress are as the United States statute, as construed by the courts of the United States, defines them, and that neither the Commission nor the courts of New York nor both can dictate the meaning of the statute. This, however, is not the thought conveyed in the opinion of Judge Hutcheson. If a phrase, through judicial interpretation, has come to have a definite fixed meaning when it is bodily incorporated into a statute, it will be given that meaning in the statute which it was before interpreted to have. This means no more than that the Legislature has used the phrase in its accepted sense. This is in line with the well-known rule of construction commonly resorted to in cases in which a phrase used in one act has been judicially interpreted and subsequently incorporated in another act. It goes no further, however, than that the courts seek to find the real meaning of the statute by calling to their aid this as they do other canons of construction, such as that the courts in construing a statute may look for light to an executive or administrative construction given it, or to the rulings of courts which have construed like laws. Such interpretations may well be received as persuasive, although not authoritative, otherwise than upon the stare decisis principle. Here we have an interpretation of the law by a court of the United States adopted and followed by an executive construction and a corresponding change of administrative rulings. It has, because of this, doubly persuasive force, and should be followed if it can be accepted.

■ In the well-considered brief of the experienced counsel for the plaintiff the gist of the ruling cited is stated to be that the workman who has sustained temporary total disability and permanent partial disability may claim either temporary total disability for the time it existed, or may claim partial disability for the statutory time, but cannot claim both when they both resulted from the same injury. This is likewise the meaning given to the ruling in the regulations which followed it. With due deference to the court which so ruled, we are unable to so read the act. Its meaning, as we read it, is to give compensation measured, it is true, as the act prescribed, but to give compensation for temporary total disability, so far as there was total disability, and for permanent partial disability, so far as it is present up to the percentage allowance. Where the disability is total for a time and partial for the rest of the time, we cannot read it as requiring the workman to call it one or the other and have his compensation measured accordingly. It is true, of course, that a permanent partial disability began when the injury was sustained, and hence runs through the whole compensation period, and in this view it is logical to say that a claim for permanent partial disability is a claim for the whole compensation time from the receipt of the injury. This, however, is not strictly accurate, or at least there is as much truth in saying that during the healing period there was no partial disability, but a total disability, and that the partial disability did not begin until the total disability was ended.

The plaintiff recoils from the logical consequences of this view, and views the facts as if there had been only a partial disability

532

from the injury, and ignores the total disability period altogether, except only that its excess over the statutory healing period lengthens the compensation period.

We cannot see it in any other light than that Congress meant to allow compensation based upon the injuries sustained when disability results both with respect to its extent in what is called its "character" and its duration in what is called its "quality" sense. Exception might perhaps be taken to these quoted words as not very happily chosen, but the sense in which they are employed seems clear. The truth is that there are two injuries sustained when expressed in terms of disability—one a temporary total disability and the other a permanent partial disability, and on the principle that the greater includes the less and, indeed, by the very terms partial and total the partial disability does not exist as long as the total disability lasts. A healing period is a total disability period. Irrespective of the fact it is assumed to be 32 weeks, and the extension of it beyond the statutory period is made by the statute to extend the partial disability compensation period. Any argument drawn from this that Congress thereby meant to ignore the total disability period, whenever there was a claim for partial disability, is answered by the thought that if Congress had meant this it would have been easy to have said so. The act does not in terms so say, and the meaning of what it does say is, as we read it, that the disability shall, as before stated, be figured in the computation as total as long as it is total, and as partial for the remainder of the compensation period. It will be noticed that this means that, under the operation of the extension of the compensation period provision, the compensation time upon which the partial disability percentage is figured always is the same (here 280 weeks), no matter what the duration of the total disability. This means that a partially disabled workman shall always receive the partial disability allowance, but, when he has suffered in addition a temporary total disability, he shall be allowed additional compensation through having the compensation period correspondingly extended. We think this to be precisely what Congress intended, but we are not persuaded that it was thereby meant he should forego the total disability allowance. The vice, as we view it, of the other construction is that it does not allow for the full time of the duration of the total disability, but for only a part (here 40 per cent.) of it. We find in the act no warrant for this curtailment.

The conclusion reached is that the Deputy Commissioner was right in his finding of the time basis upon which compensation is to be figured.

■■■ Respecting the finding of the wage basis upon which compensation is computed, very little need be said. So far as it is a mere fact finding, it should not be disturbed, except for reasons which are here absent. The only law in the question is whether the Commissioner properly construed the act of Congress. We think he did. Congress clearly meant that the wage basis of the compensation should be the real wage earnings, not only that part of them which is expressed in terms of money. A workman whose wages are a given sum of money for an eight-hour day with an hourly wage for overtime, if he works overtime, "makes" not the stipulated daily wage, but what is paid him for the work he does. What is the daily wage, as thus defined, is a question of fact. This fact it is the province of the Commissioner to find, and the finding made is accepted as one in accordance with law. Aside from this, the figures which express his finding are not only supported by the facts, but the facts would have warranted the finding of even a larger sum.

An appropriate decree in accordance with this opinion may be submitted.