## BETHLEHEM SHIPBUILDING CORPORATION, Limited, et al. v. MONAHAN, Deputy Com'r, et al.

### No. 3281.

District Court, D. Massachusetts.

May 20, 1931.

Elias Field and Brown, Field & McCarthy, all of Boston, Mass., for plaintiffs.

Frederick H. Tarr, U. S. Atty., of Boston, Mass., for defendant Patrick J. Monahan.

Paul L. Kleenan, of Boston, Mass., for defendant Wm. English.

458

MORTON, District Judge.

This is a suit to enjoin a compensation award under the Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927 (33 USCA §§ 901–950). The proceeding is under section 21 (b) of the act (33 USCA § 921 (b). All parties agree that the facts are as stated in the plaintiff's bill of complaint.

English, the injured man, was hurt by some molten metal getting into his ear. There followed 23⅘ weeks of total disability while he was recovering from the injury. The hearing in the injured ear was destroyed. The loss of it did not affect English's ability to work; he has continued in the same employment and at the same wages. The Commissioner awarded compensation for temporary total disability under section 8 (b), 33 USCA § 908 (b), and also for permanent partial disability under section 8 (c) (13), 33 USCA § 908 (c) (13).

The question is whether a workman whose injury disables him totally for a time and partially thereafter is entitled to awards under both section 8 (b) and section 8 (c), or whether the award for permanent disability under the latter section includes all allowable compensation. On this question, District Judges have differed, Judge Hutcheson in Texas Employers' Ins. Ass'n et al. v. Sheppeard, 32 F.(2d) 300, holding that the workman might have either total temporary or partial permanent, but could not have both, and Judge Dickinson, in Baltimore & Philadelphia Steamboat Co. et al. v. Norton et al., 40 F.(2d) 530, holding that the workman might have both.

The matter turns on the construction of section 8 of the statute (33 USCA § 908). This section divides disability into three principal classifications: (a) permanent total disability (b) temporary total disability (c) permanent partial disability. In the present case we are not at all concerned with the first classification. Subsection (c) contains the provisions relating to permanent partial disability which English sustained; its various clauses relate to different phases of this subject-matter. The first thirteen clauses constitute a schedule of injuries to each of which a stated compensation is assigned; the next six contain administrative directions for the application of the preceding clauses; clause 20 relates to disfigurement; 21 is the omnibus clause sweeping in all "other cases," i. e., all injuries other than those previously scheduled which result in permanent partial disability. A good many common injuries,

e. g., hernia, fall within this clause. Clause 22 provides a specified "healing-period" applicable to certain named injuries with additional compensation if it is exceeded in any given case. These injuries are all previously scheduled as compensated by a fixed amount; most of them are of serious character, and many involve amputations. It is common knowledge, I think, that there is a great difference in the healing of such wounds. Sometimes it occurs promptly by "first intention"; in other cases, if the injury becomes infected, there is a long and difficult convalescence. The idea underlying this clause appears to be that an injured man who has had a protracted convalescence exceeding the normal period of recovery should receive additional compensation. As to all cases falling within this clause, there is an explicit provision that the compensation therein awarded is complete.

The real question is whether this last provision was inserted to make clear that such injuries were to be dealt with in accordance with general principles on which subsection (c) is based, or whether it is intended to put the injuries covered by clause 22 on a different footing from all the others falling within this subsection. Ordinarily in cases of serious injury the workman is completely disabled for a period following it. This is so obvious that it must have been a basic intention of the statute to provide compensation during this healing period. Where the statute provides a stated sum for a stated injury, the amount named might or might not have been intended to cover the total disability immediately following the accident. This is expressly stated to be the case as to the injuries specified in the first twelve clauses of subsection (c), and the workman is allowed additional compensation if the normal healing period is exceeded in his particular case. Clause 13 covering loss of hearing provides a stated compensation for the permanent partial disability which English suffered. As to it, and as to all the unscheduled injuries covered by the omnibus clause 21, there is no explicit provision for any compensation whatever during the healing period. Injuries under the latter clause are compensated by two-thirds of the diminished earning power attributable to them, payable unless revised as long as the disability continues.

Under section 6 (33 USCA § 906), if the disability lasts more than seven weeks, compensation runs from the date of the injury. Many injuries are of this character. As to

them, if compensation for the total disability immediately following the accident be allowed under subsection (b) and the explicit provision of section (c) be also followed, there would be double compensation during the healing period—something which, of course, was never intended. If no compensation is allowed for such injuries under subsection (b), there is no adequate provision for compensation during the healing period. If successive awards (under subsection (b) for total temporary disability and under subsection (c) for permanent partial disability) are permissible, there was no occasion for the elaborate provisions about the healing period in clause 22. The statute is plainly faulty.

As to injuries under clause 21, the Commissioner's practice seems to me to be the sensible one and the best construction of this very doubtful statute, viz., to award compensation for the temporary total disability under subsection (b), and to follow it with an award under clause 21 of subsection (c). This still leaves open the question whether loss of hearing for which a stated sum is awarded ought to be dealt with in the same way, or whether it ought to be assimilated in this respect to the twelve preceding clauses and the lump sum award of the statute held to cover the healing period. I have never seen a more closely balanced question. But if the statute be construed as permitting in some cases consecutive awards under subsection (b) for the total disability following the accident, and under subsection (c) for the resulting permanent effects, I think it should be further construed as meaning that the workman is entitled to awards under both sections, in the absence of an explicit provision that the stated sum constitutes the total allowable award. I am not oblivious of the weighty objections against this view, some of which have been referred to. All that can be said is that they are in my opinion overbalanced by the weightier objections which can be made against the opposite view. Judge Bourquin in Grays Harbor Stevedore Co. v. Marshall (D. C.) 36 F.(2d) 814, 816, says that this statute "involves more or less absurd possibilities."

I, therefore, reach the conclusion that the Commissioner was right, and that the bill should be dismissed. I am aware that this statute was copied from the New York statute; and that it has been decided by the courts of that state that consecutive awards under subsections (b) and (c) are not permissible under it. Marhoffer v. Marhoffer, 220 N. Y. 543, 116 N. E. 379. The weight of that decision is diminished by the close division among the judges, four to three; and, as the opposite conclusion seems to me more in keeping with the general purpose of the statute, I have felt free to follow my own view.

Bill dismissed, with costs.