**BETHLEHEM SHIPBUILDING CORPORATION, Limited, et al. v. MONAHAN, Deputy Com'r, et al.**

No. 2601.

Circuit Court of Appeals, First Circuit.

Dec. 17, 1931.

La Rue Brown, of Boston, Mass. (Richard H. Field and Brown, Field & McCarthy, all of Boston, Mass., on the brief), for appellants.

Paul L. Keenan, of Boston, Mass., for appellee William English.

Frederick H. Tarr, U. S. Atty., and A. Chesley York, Asst. U. S. Atty., both of Boston, Mass., for appellee Monahan, Deputy Commissioner.

Before BINGHAM and WILSON, Circuit Judges, and MORRIS, District Judge.

BINGHAM, Circuit Judge.

This is a suit to set aside for error in law the award of the commissioner under the Longshoremen's and Harbor Workers' Compensation Act (33 USC Supp. V, §§ 901–950 [33 USCA §§ 901–950]) in a case of temporary total disability and permanent partial disability, both resulting from the same injury, consisting of a total loss of hearing in the claimant's right ear.

The commissioner awarded the claimant compensation for twenty-three weeks and four days for total temporary disability from December 28, 1928 to June 9, 1929, inclusive, at the rate of $22.08 per week (66⅔ per centum of $33.12, his average weekly wage); and for fifty-two weeks for permanent partial disability commencing June 10, 1929, at the rate of $22.08 per week; allowing, however, as a credit thereon, $517.30 paid on that account.

The provisions of the act under which the commissioner awarded compensation are found in section 8(b) and (c) (13), 33 USCA § 908(b) and (c) (13) which read as follows:

"Sec. 8. Compensation for disability shall be paid to the employee as follows: * * *

"(b) Temporary total disability: In case of disability total in character but temporary

in quality 66⅔ per centum of the average weekly wages shall be paid to the employee during the continuance thereof.

"(c) Permanent partial disability: In case of disability partial in character but permanent in quality the compensation shall be 66⅔ per centum of the average weekly wages, and shall be paid to the employee as follows: * * *

"(13) Loss of hearing: Compensation for loss of hearing of one ear, fifty-two weeks. Compensation for loss of hearing of both ears, two hundred weeks."

▉ The single question in this case is whether the claimant is entitled to an award of compensation for a disability resulting from the same injury, under the provisions of both section 8(b) and (c) (13). In other words, does the act contemplate and provide for concurrent or consecutive compensation under these two provisions? The construction of the act in this particular and as an original question may be regarded as doubtful. It certainly presents a close question. But we do not find it necessary to pass upon it as an original proposition, for it appears that the provisions of the act here in question (as well as the act itself) were taken verbatim from an act passed by the Legislature of New York (N. Y. Consol. Laws, c. 67), which had a well-settled construction before their adoption by Congress.

The act, when first enacted in New York, included the provisions contained in section 8 of the Federal Act, with the exception of paragraph (22) of subdivision (c). Paragraph (22), however, became a part of, and was added to, the New York Act in 1924 (N. Y. Laws, 1924, c. 500); and in 1927 Congress adopted the provisions of that act as amended in 1924, which is the act now under consideration.

In 1917, the Court of Appeals of the state of New York, in the case of Marhoffer v. Marhoffer, 220 N. Y. 543, 116 N. E. 379, had under consideration the construction and meaning of the corresponding provisions of section 8(b) and (c). At that time, it is to be remembered, the New York Act did not contain the additional provisions embodied in section 8(c) (22). In construing the corresponding provisions of section 8(b) and (c), in a case that involved the loss of an arm, it was held that the claimant was not entitled to concurrent or consecutive compensation under subdivisions (b) and (c) for temporary total disability and permanent partial disability; and compensation for permanent partial disability only was awarded.

And in 1926, after the adoption of the additional provisions in (c), paragraph (22), the Appellate Division of the Supreme Court of New York, on March 3, 1926, in Labionti v. John Meehan & Sons, 215 App. Div. 607, 214 N. Y. S. 442, reaffirmed the doctrine of the Marhoffer Case, holding that a claimant was not entitled to concurrent or consecutive compensation under the corresponding provisions of section 8(b) and (c).

Since the adoption of the New York Act by Congress, the New York courts have held to the same construction of its act. Hoffman v. Chatham Electric Light, Heat & Power Co., 224 App. Div. 799, 230 N. Y. S. 849; Gefers v. N. Y. Window Cleaning Co., 224 App. Div. 792, 230 N. Y. S. 706; Rubenstein v. Pechter Baking Co., 224 App. Div. 324, 230 N. Y. S. 577; all three of which cases were affirmed by the Court of Appeals in 249 N. Y. 433, 164 N. E. 341.

Such being the settled construction of these provisions of the New York Act at the time of its adoption in 1927, it is to be presumed that Congress intended that such provisions should be understood and applied in accordance with that construction. In other words, that it adopted the act with the construction placed upon it by the New York courts. Capital Traction Co. v. Hof, 174 U. S. 1, 36, 19 S. Ct. 580, 43 L. Ed. 873; Henrietta Mining Co. v. Gardner, 173 U. S. 123, 130, 19 S. Ct. 327, 43 L. Ed. 637; Texas Employers' Insurance Ass'n v. Sheppeard (D. C.) 32 F.(2d) 300; Cunningham v. Commissioner of Banks, 249 Mass. 401, 423, 144 N. E. 447; 36 Cyc. 1154, note 81, and cases there cited.

The decree of the District Court dismissing the bill is vacated, and the case is remanded to that court for further proceedings not inconsistent with this opinion.