Before STATE INDUSTRIAL BOARD, Respondent

SALVATORE LABIONTI, Respondent, *v.* JOHN MEEHAN & SONS and Another, Appellants.

Third Department, March 3, 1926.

**Workmen's compensation — award for percentage loss of right great toe — to entitle claimant under Workmen's Compensation Law, § 15, subd. 4-a, to award beyond schedule period of nineteen weeks, claimant must show temporary total disability beyond twelve weeks.**

An award for fifty per cent loss of the right great toe of the claimant for twenty-four and one-half weeks was improper, since the claimant failed to show that he

suffered a temporary total disability beyond twelve weeks, and, therefore, subdivision 4-a of section 15 of the Workmen's Compensation Law authorizing an award beyond the schedule period of nineteen weeks in case claimant suffered a temporary total disability beyond twelve weeks, does not apply.

Appeal by John Meehan & Sons and another from an award of the State Industrial Board, made on the 8th day of July, 1925.

*William E. Lowther* [*Jeremiah F. Connor* of counsel], for the appellants.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

Van Kirk, J. On June 18, 1925, a schedule award was made for fifty per cent loss of the right great toe; nineteen weeks at twenty dollars per week (Workmen's Compensation Law, § 15, subd. 3), and the case was closed. On July 8, 1925, a hearing was had. No witness was sworn, but the referee asked claimant, " How long were you out of work? " A. " Six months." "Q. Were you under treatment all that time? A. The doctor treated me about three months. Q. Were you treated until the 27th of March by Dr. Wolff? A. Yes, until March 31st." Without any further information the Industrial Board modified the previous award by adding thereto " $5\frac{1}{2}$ additional weeks for the healing period," that is, for twenty-four and one-half weeks, less payments made.

· The only objection is to the allowance for the five and one-half weeks' period. The Industrial Board thought it found authority for this allowance in section 15, subdivision 4-a, of the Workmen's Compensation Law (as added by Laws of 1924, chap. 500) as follows: " Protracted temporary total disability in connection with permanent partial disability. In case of temporary total disability and permanent partial disability both resulting from the same injury, if the temporary total disability continues for a longer period than the number of weeks set forth in the following schedule, the period of temporary total disability in excess of such number of weeks shall be added to the compensation period provided in subdivision three of this section: * * * great toe, twelve weeks; * * *.

" In any case resulting in loss or partial loss of use of * * * toe, where the temporary total disability does not extend beyond the periods above mentioned for such injury, compensation shall be limited to the schedule contained in subdivision three."

In this case there is no proof, other than the injury itself, of disability. Claimant's unsworn statement that he was out of work six months and that he was under treatment three months are not proof of disability during those periods. The question, " Were

you treated until the 27th of March by Dr. Wolff? " was not understood by the claimant. He answered through an interpreter. The record shows that Dr. Wolff examined him on March twenty-first and found the same condition that he had found on his prior examination, made February twenty-eighth, when he reported: " We are discontinuing treatment as of February 28th. In the meantime claimant is able to resume work." In his report of the March twenty-first examination he says: " In our opinion claimant is fully able to perform his usual work and our discharge of February 28th should hold good." To entitle claimant to an award beyond the schedule period of nineteen weeks, claimant must show that he suffered a temporary total disability beyond twelve weeks. This proof he has failed to furnish.

The award should be reversed and the claim remitted for further consideration in accordance with this opinion.

All concur.

Award reversed and matter remitted, with costs against the State Industrial Board to abide the event.