In the Matter of the Claim of ROBERT WRIGHT, Respondent, against VILLAGE OF LITTLE VALLEY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, May 12, 1933.

*E. C. Sherwood* [*William B. Davis* of counsel], for the appellants.

*John J. Bennett, Jr., Attorney-General* [*Joseph A. McLaughlin, Assistant Attorney-General,* and *John R. O'Hanlon* of counsel], for the respondent State Industrial Board.

*Dowd & Dowd,* for the claimant, respondent.

McNAMEE, J. The claimant was an electrician in the employ of the village of Little Valley, and on September 10, 1928, while in the performance of his regular employment, he came into contact with a heavily charged electric wire; and thereby his head, leg and other parts of his body were seriously burned, the left arm to such an extent that it was necessarily amputated five days later. By reason of the injury to claimant's leg, he was totally disabled, not only during the time usually necessary for the healing of an amputated arm, but until February 6, 1930, a period of seventy-three and two-sixths weeks.

The State Industrial Board made a schedule award of compensation for 312 weeks for loss of the use of the arm, and in addition made a like award for forty-one and two-sixths weeks for temporary total disability to include the protracted period necessary for the healing of the leg.

It appears to be the contention of the appellant that the Board erred in allowing a protracted period of temporary total disability on account of the injured leg, when that protracted period did not extend beyond the 312 weeks for which claimant was entitled to an award on account of his arm. This view of the appellant cannot be sustained. There were two distinct disabilities, a permanent partial one due to the loss of the arm, and a temporary total one due to the damage to the leg. The statute (Workmen's Comp. Law, § 15, subd. 4-a), in so far as it applies here, provides in substance, in a case involving temporary total disability and also the loss of an arm, both resulting from the same injury, that if the temporary total disability continues for more than thirty-two weeks, then such period of temporary total disability in excess of that number of weeks shall be added to the compensation period fixed in subdivision 3, which, in a case involving the loss of an arm, is 312 weeks. That such is the meaning of subdivision 4-a is made quite clear from the second paragraph of that subdivision, which provides in substance, in so far as it applies here, that any case resulting in the loss of the use of an arm, where the temporary total disability does not extend beyond thirty-two weeks, the compensation shall be limited to 312 weeks. (See *Labionti* v. *Meehan & Sons*, 215 App. Div. 607, *Eppenstein* v. *Adams & Co., Inc.*, 224 id. 332.)

There is no dispute here that the temporary total disability continued for seventy-three and two-sixths weeks. It is evident from subdivision 4-a that the Legislature intended that thirty-two weeks should be regarded as the usual period of healing in the case of an amputated arm. And the condition of claimant's leg having been the cause of total disability for a period of forty-one and two-sixths weeks beyond that usually necessary for the healing of the arm, payments for that number of weeks should be added to those awarded for loss of the arm. It must be held that the State Industrial Board was correct in its conclusion. The award should be affirmed, with costs to the State Industrial Board.

HILL, P. J., RHODES, CRAPSER and BLISS, JJ., concur.

Award affirmed, with costs to the State Industrial Board.