In the Matter of the Claim of JOSEPH STOLZ, Respondent, against LASHER & LATHROP, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 15, 1934.

*H. Dudley Bierau*, for the appellants.

*John J. Bennett, Jr., Attorney-General* [*Roy Wiedersum, Assistant Attorney-General*, of counsel], for the respondents.

HEFFERNAN, J. In this case it is conceded that on November 20, 1924, claimant, while in the regular course of his employment, accidentally sustained an injury to his right leg which has resulted in ninety per cent permanent loss of use of that member. It is also undisputed that claimant's average weekly wage was thirty-two dollars and that the compensation rate is nineteen dollars and ninety-seven cents per week. As a result of this injury he was totally disabled for 351½ weeks.

The Industrial Board made an award of compensation in favor of claimant and against the employer and insurance carrier for 259⅕ weeks for ninety per cent loss of use of the leg and in addition thereto, made a like award for 311½ weeks for protracted temporary total disability, or a total of 570.7 weeks.

Appellants paid compensation for 348⅙ weeks, amounting to $6,952.89. On this appeal they contend that the Industrial Board in making an award for permanent partial disability and for temporary total disability is limited to 288 weeks as provided in paragraph " b " of subdivision 3 of section 15 of the Workmen's Compensation Law, and that in no event may it award compensation to an injured employee for temporary total disability in excess of the amount prescribed by subdivision 2 of section 15 of the statute.

The question is one of first impression. At the time of claimant's accident subdivision 2 of section 15 of the Workmen's Compensation Law read:

" Temporary total disability. In case of temporary total disability, sixty-six and two thirds per centum of the average weekly wages shall be paid to the employee during the continuance thereof, but not in excess of three thousand five hundred dollars, except as otherwise provided in this chapter."

This subdivision was amended by chapter 555 of the Laws of 1927 so as to make the limitation $5,000.

By chapter 500 of the Laws of 1924 the Legislature added to section 15 of the Workmen's Compensation Law subdivision 4-a which provides:

" Protracted temporary total disability in connection with permanent partial disability. In case of temporary total disability and permanent partial disability both resulting from the same injury, if the temporary total disability continues for a longer period than the number of weeks set forth in the following schedule, the period of temporary total disability in excess of such number of weeks shall be added to the compensation period provided in subdivision three of this section: Arm, thirty-two weeks; leg, forty weeks; hand, thirty-two weeks; foot, thirty-two weeks; eye, twenty weeks; thumb, twenty-four weeks; first finger, eighteen weeks; great toe, twelve weeks; second finger, twelve weeks; third finger, eight weeks; fourth finger, eight weeks; toe other than great toe, eight weeks.

" In any case resulting in loss or partial loss of use of arm, leg, hand, foot, eye, thumb, finger or toe, where the temporary total disability does not extend beyond the periods above mentioned for such injury, compensation shall be limited to the schedule contained in subdivision three."

It is quite significant that subdivision 2 of section 15 limits the amount of compensation for temporary total disability " except as otherwise provided in this chapter." Subdivision 4-a does provide otherwise. It was incorporated in the statute long after the enactment of subdivision 2. There is nothing in the language used in subdivision 4-a to indicate that it should be limited by the provisions of any other statute. On the contrary, it is apparent that it was the Legislature's intention to give increased compensation to injured employees who suffered a schedule loss and also a prolonged disability arising out of the same injury. Moreover, protracted temporary total disability is merely an incident of a permanent partial disability classification. It is neither a classification of disability in itself nor does it fall within the classification of temporary partial disability. Section 15 of the Workmen's Compensation Law classifies disabilities generally as (1) permanent total disability; (2) temporary total disability; (3) permanent partial disability; (4) temporary partial disability. (*Matter of Schaefer* v. *Buffalo Steel Car Co.*, 250 N. Y. 507.) It is obvious that subdivision 4-a does not create a fifth classification. An award under this subdivision comes within the classification of permanent partial disability. A protracted temporary total disability award

is simply incidental to the schedule award and consequently is included within the permanent partial disability classification. In view of that fact it necessarily follows that the provisions of subdivision 2 of section 15 of the Workmen's Compensation Law, which relate to an award based on temporary total disability, are not applicable.

Neither is a protracted temporary total disability award limited to the number of weeks prescribed for the schedule award to which it is incidental. Construing subdivision 4-a liberally, as we must, it is manifest that a protracted temporary total award is in addition to an award for a schedule loss arising out of the same injury. Confirmation of this view is found in the language of the subdivision providing that " *the period of temporary total disability* * * * *shall be added to the compensation period provided in subdivision three of this section.*" The compensation period provided in subdivision 3 of this section refers to an award for a schedule loss.

The legislative intention to give increased compensation is also expressed in the last paragragh of subdivision 4-a which is to the effect that where the temporary total disability does not extend beyond the time therein mentioned for the injury, compensation shall be limited to the schedule contained in subdivision 3.

The inference is irresistible that if the total disability continues for a longer period than that mentioned in the statute then such excess disability shall be added to the compensation period for the schedule loss or partial loss arising from the same injury. Obviously under such circumstances compensation is not limited to the schedule contained in subdivision 3.

We had before us for consideration a similar question in *Matter of Wright* v. *Village of Little Valley* (238 App. Div. 269). It is, of course, true as urged by appellants' counsel and as pointed out in the opinion of Mr. Justice McNamee in that case, that there were two distinct disabilities, a permanent partial one due to the loss of the arm, and a temporary total one due to the injury to the leg. In the instant case we have but a single injury. The court affirmed an award for temporary total disability in the *Wright* case although the protracted period did not extend beyond the time for which the claimant was entitled to an award for the loss of his arm.

In May, 1932, the Industrial Board classified claimant's injury as a permanent partial disability. Appellants contend that it was without power to do so. We do not agree with that contention. By chapter 384 of the Laws of 1933, amending subdivision 6-a of section 15 of the Workmen's Compensation Law, the Board is

granted practically unlimited power to reclassify a disability at any time. The amendment is retroactive and validates a prior irregular reclassification. (*Matter of Simmond* v. *United States Gypsum Co.*, 239 App. Div. 868.)

The award should be affirmed, with costs to the State Industrial Board.

HILL, P. J., McNAMEE and CRAPSER, JJ., concur; BLISS, J., concurs in result, and in the opinion except that portion of the opinion which holds that protracted temporary total disability is merely an incident of a permanent partial disability classification, and that an award under subdivision 4-a of section 15 of the Workmen's Compensation Law comes within the classification of permanent partial disability.

Award affirmed, with costs to the State Industrial Board.