In the Matter of the Claim of JOHN McCARTY, Deceased Employee, and GRACE CRONIN, as General Guardian for THOMAS J. McCARTY, Son of Deceased Employee, Respondent, against UNITED STATES TRUCKING CORPORATION, Appellant. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by a self-insurer from an award made by the State Industrial Board in favor of the minor son of the deceased employee. John McCarty sustained a fracture of the leg on March 29, 1933, and filed a claim for compensation. Hearings were had upon the claim from May 31, 1933, to April 30, 1935, which resulted in an award being made for sixteen dollars per week from the date of the accident to May 1, 1935, and payments were to continue until evidence was produced to show a change of condition. March 11, 1936, the Board determined that the claimant had a permanent partial disability and directed the employer-appellant to pay him sixteen dollars per week during the continuance of said disability, and the case was closed, and ordered it placed in the permanent partial disability file. On March 9, 1937, John McCarty, claimant, died of causes not related to the accident. Compensation had been paid from date of accident to March 3, 1937, at sixteen dollars per week. On December 9, 1937, the Board modified its previous award and made a schedule award of ninety-five per cent loss of use of right leg, namely, 273 9/15 weeks, plus 165 2/3 weeks for protracted temporary total disability, finding that the decedent was totally disabled from the date of the accident to the date of his death. The State Industrial Board ordered appellant to pay the general guardian of Thomas J. McCarty, a son of John McCarty, 249 4/15 weeks' compensation from March 30, 1933, to January 8, 1938, at sixteen dollars — a total of $3,988.27, less payments already made to claimant, and thereafter the sum of thirty-two dollars every two weeks for 190 weeks. Thomas J. McCarty became eighteen years of age January 19, 1938, and the appellant was required to make payments to the guardian for 188 3/7 weeks after said date. Appellant applied to the State Industrial Board for review of the case and hearings were held and thereafter and on March 30, 1938, the Board affirmed the award of December 9, 1937. Appellant claims there was no competent medical evidence to justify such change. Upon June 28, 1937, Dr. Lewy, at the request of the referee, in order to dispose of the case, claimant now being deceased, referred to his personal examination of April 30, 1935, and as a result of that decided that the defect was permanent and made a schedule award of ninety-five per cent loss of use of the right leg.

Evidence was given by his daughter as to his condition in his lifetime. An award may be made after the death of an employee. (Workmen's Compensation Law, § 33.) The Board has continuing jurisdiction. (Workmen's Compensation Law, § 22.) The award made before the death was for disability. There was no question but the decedent had a large schedule loss due to the ununited fracture and would have been entitled to compensation over a long period of time. There was no attempt to make a schedule award at that time because of the continuing character of the disability. The evidence in this case indicates the payment of partial disability prior to the death of the claimant was inadequate. The decedent from the time of the accident until he died was suffering a schedule loss plus a protracted total disability and was not adequately compensated by the payments for partial disability and the Board in the interests of justice was justified in making the award after his death which is herein appealed from. Deceased would have been entitled to a schedule award and to a protracted temporary total disability award in his lifetime and the Board in its discretion could make it after his death. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J.,Rhodes, Crapser, Bliss and Heffernan, JJ.