Appeal by the employer and insurance carrier from an award to claimant of 288 weeks compensation for a 100% permanent-loss of use of the left leg, and for 601% weeks compensation for protracted temporary total disability. Claimant’s left leg was amputated as the result of *854 an industrial accident. He also suffered from a diabetic condition which interfered with the healing process and prevented the effective use of an artificial leg. There has been no finding that claimant is permanently totally disabled, although the board could so find from the evidence. Appellants’, chief contention is that the form of the award, and the method of payment are improper; and in connection with this they allege that total disability did not exist between July 25, 1942, and June 13, 1945. That since claimant had some earning capacity during this period the board was required to make an award in the form of reduced earnings under section 15 of the Workmen’s Compensation Law, rather than for protracted temporary total disability. The evidence, however, sustains the board’s finding that claimant was totally disabled during the period mentioned, and indeed, for all practical purposes, for the entire period since his amputation. The award for protracted temporary total disability was, therefore, within the power of the board to make. There is no limitation as to the amount of such an award. (Workmen’s Compensation Law, § 15, subd. 4-a; Matter of Stole v. Lasher é Lathrop, Inc., 240 App. Div. 314, affd. 266 N. Y. 426; Matter of McCarty v. United States Trucking Corp., 255 App. Div. 741, affd. 281 N. Y. 704; Matter of Polsky v. Blackman Plumbing Supply Co., 262 App. Div. 783.) We find it unnecessary to discuss appellants’ other contentions. Award affirmed, with costs to the Workmen’s Compensation Board. All concur.