In the Matter of the Claim of SADIE MERMELSTEIN, Respondent, against BETH ISRAEL HOSPITAL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from an award to an employee injured while working during the noon hour upon laundry belonging to her family. The laundry was brought to the hospital by tacit permission of the employer. The evidence sustains the finding of the board that the injuries were received in the course of the employment. There was testimony that leave to do the laundry in the plant was a part of the worker's compensation. Award unanimously affirmed, with one bill of costs to be divided equally between claimant-respondent and the Workmen's Compensation Board, with disbursements to each. Present — Hill, P. J., Heffernan, Brewster, Foster and Deyo, JJ.

In the Matter of the Claim of GUSSIE NIEMAN, Appellant, against NALVEN & SON, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by claimant from a decision of the Workmen's Compensation Board disallowing her claim for death benefits. Claimant is the widow of Lazarus Nieman. The board found that on February 18, 1945, while decedent was engaged in the regular course of his employment, he suffered a cerebral hemorrhage which resulted in his death on the same day. The board also found that decedent did not sustain accidental injuries arising out of and in the course of his employment and that his death was unrelated to such injuries. The evidence sustains the finding of the board. Decision unanimously affirmed, without costs. Present — Hill, P. J., Heffernan, Brewster, Foster and Deyo, JJ.

In the Matter of the Claim of MAX FISHBERG, Respondent, against MASPETH WETWASH LAUNDRY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and insurance carrier from a decision and award made to claimant by the Workmen's Compensation Board. The questioned award is for a partial disability and reduced earning capacity resulting from injuries accidentally sustained by claimant on December 10, 1946, in and incident to his employment by the employer-appellant. At the time of such accident claimant was and since 1940 has been, permanently partially disabled as the result of a prior industrial accident in another's employment, and was the recipient of an award for reduced earning capacity on account thereof. Claimant's accident of December 10, 1946, and its consequence was as to its cause and effects wholly unrelated to his disability which was occasioned by his former accident. At the time of his second accident, his average weekly earnings were $10.59. The minimum award of $8 per week here in issue is not in excess of the compensation allowable for claimant's "later injury * * *" when considered by itself and not in conjunction with the previous disability", and was lawfully made. (Workmen's Compensation Law, § 15, subd. 7; *Matter of Earl* v. *Davis Box Toe Co.*, 261 App. Div. 862; *Matter of Berner* v. *Caruso & Wolpert*, 233 N. Y. 614.) Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Hill, P. J., Heffernan, Brewster, Foster and Deyo, JJ. [See 274 App. Div. 831.]