Foster, P. J.
Claimant in this case is the widow of a deceased employee. During the latter’s lifetime his right hand was injured as the result of an industrial accident. He filed a claim for workmen’s compensation. Before an award was made he was killed as the result of another industrial accident. Claimant has received two awards: one for death benefits, and a post mortem schedule award for the loss of use of her husband’s right hand which he suffered in his lifetime as a consequence of his first accident. The employer and its insurance carrier appeal from the post mortem schedule award.
Appellants argue that an award after death for a schedule disability can be properly made only in those cases where death benefits are not awardable. It is a generally accepted principle that concurrent awards may not be made where injuries are the result of one accident, except where both a facial dis *234 figurement and partial disability are present. Contra, concurrent awards may be made where the injuries are the result of separate and distinct accidents (Matter of Berner v. Caruso & Wolpert, 233 N. Y. 614; Matter of Fishberg v. Maspeth Wetwash Laundry Co., 273 App. Div. 1045). Also where an injured employee dies from causes unrelated to the accident which caused his injury an award for a schedule loss may be made after his death (Workmen’s Compensation Law, § 15, subd. 4; Matter of McCarty v. United States Trucking Corp., 255 App. Div. 741, affd. 281 N. Y. 704).
Schedule awards are authorized by subdivision 3 of section 15 of the Workmen’s Compensation Law, and subdivision 4 of the same section provides in part:
‘ ‘ An award made to a claimant under subdivision three shall in case of death arising from causes other than the injury be payable to and for the benefit of the persons following:
“a. If there he a surviving wife (or dependent husband) and no child of the deceased under the age of eighteen years, to such wife (or dependent husband).”
The facts of the present case fit precisely within the terms of the statute quoted so far as the award appealed from is concerned. Decedent died from injuries received in a completely separate accident, and he left him surviving the claimant widow and no child under eighteeen years of age. Since workmen’s compensation is governed wholly by statute, under constitutional authority, we find no basis for reversing an award which comes clearly within the terms of the statute.
The award should be affirmed, with costs to the Workmen’s Compensation Board.
Heeeernaw, Deyo, Bergan and Coon, JJ., concur.
Award affirmed, with costs to the Workmen’s Compensation Board.