■ JUNE SHERMAN et al., Respondents, v. JOHN P. FLOWER, Appellant.— In an action to recover damages for injuries to person and property, and for medical expenses and loss of services, the appeal is from an order made on reargument which (1) granted a motion for summary judgment striking out the answer, and (2) directed an assessment of damages. Order modified by striking therefrom everything following the words "upon reargument" in the second ordering paragraph and by substituting therefor the words "the original decision is adhered to". As so modified, order unanimously affirmed, with $10 costs and disbursements to appellant. In our opinion, there are questions of fact that preclude summary judgment. Present — Nolan, P. J., Beldock, Ughetta, Kleinfeld and Pette, JJ.

■ JAMES P. STANLEY et al., Respondents, v. RICHARD BURNSIDE, Appellant.— In an action to recover damages for personal injuries, and for medical expenses and loss of services, the appeal is from an order which (1) granted a motion for summary judgment striking out the answer, and (2) directed an assessment of damages. Order affirmed, with one bill of $10 costs and disbursements. No opinion. Beldock, Acting P. J., Kleinfeld, Christ and Brennan, JJ., concur; Ughetta, J., dissents and votes to reverse the order and to deny the motion, with the following memorandum: Under all of the circumstances, it is my opinion that a question of fact is presented which should be determined on a trial. [20 Misc 2d 932.]

■ BARNEY WACHTEL et al., Respondents, v. ALFRED SOMAN III, Appellant.— In an action to recover damages for injuries to person and property, the appeal is from a judgment of the County Court, Nassau County, entered upon a jury's verdict, in favor of respondents. The corporate respondent's motor vehicle, while being operated by the individual respondent, was struck in the rear by the appellant's motor vehicle, causing the injuries complained of. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ.

## THIRD DEPARTMENT, FEBRUARY, 1960

### (February 17, 1960)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANDREW OSUCH, Appellant.—Appeal by defendant from an order of the Columbia County Court denying an application for a writ of error coram nobis as to three separate judgments of conviction. The County Court correctly held that coram nobis may not be had there as to the first and second convictions, since they were had in the Supreme Court. We find that coram nobis does not lie as to the third conviction. The defendant's application as to that is based on the contention that upon the third conviction no multiple offender information was filed against him. If there was such an error, it appears upon the face of the record and consequently coram nobis does not lie (People v. Sullivan, 3 N Y 2d 196). Order unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.

■ In the Matter of the Claim of MISSOURI WOODLEY, Respondent, against GRAMATAN RESTAURANT, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal by the employer and its carrier from a decision and award of the Workmen's Compensation Board. The deceased employee sustained an industrial accident on January 31, 1946 which resulted in the amputation of his right leg. A schedule award of 288 weeks for 100%

te the disability here be classified as permanent total, the fact that no classification was made before death is not a justification for making a different classification after death. Thus after the date of the second amputation the claimant's condition should have been classified as permanent total disability and the award from that time should be for permanent total disability to the time of his death (230 weeks). This leaves for consideration the amount of the award for the period between the first accident and the second amputation. It would seem that the award originally made for this period was the proper one. That is, a schedule award of 288 weeks plus the protracted total disability which was set at 10 weeks. Decision and award reversed and matter remitted to the Workmen's Compensation Board, with costs to appellants against the board. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.

■ In the Matter of the Claim of ALBERT FABB, Respondent, against FIFTH AVENUE COACH LINES, INC., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the self-insured employer from a decision and award of the Workmen's Compensation Board. The claimant who worked as a mechanic was called out to a disabled bus on April 13, 1957. A tow truck was required to return the bus to the garage and the claimant then helped the tow truck driver to dismantle the tow bar. They lifted the tow bar, which weighed 125 pounds, over their heads and placed it on the truck. The claimant at that time experienced pain in his chest, his heart beat fast, he felt exhausted and was out of breath. The pain remained the next day and he consulted a doctor. The claimant was out of work for three weeks, returning on May 5,