No. 10,239.

THE INDUSTRIAL COMMISSION, ET AL., *v.* THE GENERAL ACCIDENT, FIRE AND LIFE ASSURANCE CORPORATION, ET AL.

Decided February 6, 1922.

Proceeding under the Workmen's Compensation Act. Judgment of the district court amending the award of the industrial commission.

*Reversed.*

1.  WORKMEN'S COMPENSATION—*Commission Findings of Fact Conclusive.* The district court in an action to review an award of the industrial commission has no right to set aside or amend a finding of fact of the commission, and then order the award to be amended accordingly.

2.  *Disability of Claimant—Determination.* Where an employe sustained a loss of his right thumb, index and middle fingers and a partial loss of the use of the hand, under the provisions of the act of 1919, the industrial commission had the power to fix the disability on the basis of a partial loss of the use of the hand, rather than on the loss of the fingers.

3.  *Double Compensation.* The commission may not allow for loss of fingers and add compensation for the loss or partial loss of use of the hand.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. VICTOR E. KEYES, attorney general, Mr. JOHN S. FINE, assistant, Mr. H. I. GARBUTT, for plaintiffs in error.

Mr. FRANK L. GRANT, for defendants in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

IN a proceeding for compensation under the Workmen's Compensation Act, the Industrial Commission made an award in favor of the claimant, Ralph McConnell. The employer and the insurer brought an action in the district court to set aside the findings and award. Upon a hearing, the district court remanded the cause to the Industrial Commission with directions to amend the award. The defendants, the Commission and the claimant, bring the cause here for review, and cross-error is assigned by plaintiffs, the employer and the insurer.

The plaintiffs in error complain of the district court's directions to amend the award. The Commission made a finding as to the average weekly wage of the claimant. The district court set aside the finding on the ground that it had no support in the evidence, and substituted a finding of its own, and ordered the award amended accordingly. This was error. The court had no right to set aside or to amend a finding of fact, and then order the award to be amended accordingly. The only grounds upon which a court may set aside an order or award of the Commission are set forth in section 103, chapter 210, Session Laws of 1919, namely, (a) That the Commission acted without or in excess of its powers; (b) That the finding, order or award was procured by fraud; and (c) That the findings of fact by the Commission do not support the order or award.

The assignments of cross-error raise the question whether the Commission correctly designated the loss for which accident benefits are allowed. The claimant's injury resulted from getting his hand into a sausage grinder. A physician and surgeon testified that the claimant suffered the loss of thumb, index finger and middle finger, each being taken off at the proximal joint; that the hand has been impaired 70%. The witness was asked:

"How do you determine the basis of disability, Doctor, as 70%?"

His answer was:

"Loss of action of the hand from the wrist down. He has lost the thumb, both the index and middle fingers and he has lost all the gripping power of his hand."

The Commission found, and made the award accordingly, "that the claimant has sustained a permanent disability equal to a 70% loss of the use of his right hand measured from the wrist."

The contention of the defendant in error is claimant was entitled only to compensation for the loss of the thumb and fingers; in other words, that the Commission was bound to act only under the first part of Section 73 of the Act of 1919, which, so far as material here, reads as follows:

"In cases included in the following schedule the disability in each case shall be deemed to continue for the period specified and the compensation to be paid for such loss shall be specified herein, to-wit:

\*\*\*\*\*\*\*\*\*\*

The loss of a hand........................104 weeks
The loss of a thumb at the proximal joint.... 35 weeks
Loss of an index finger at the proximal joint.. 18 weeks
Loss of a middle finger at the proximal joint.. 13 weeks."

The Commission proceeded under subdivision (g) of Section 73, which, so far as material in this connection, reads as follows:

"Where an injury causes the loss of use or partial loss of use of any member or members specified in the foregoing schedule, the Commission may determine the disability suffered and the amount of compensation to be awarded, by awarding compensation which shall bear such relation to the amount stated in the above schedule for the loss of a member or members as the disabilities bear to the loss produced by the injuries named in the schedule."

This provision authorizes the finding and award of the Commission in respect to the matter now under consideration. The schedule, heretofore quoted, includes "the loss of a hand." Under subdivision (g) the Commission could, as it did, award compensation for the "partial loss of use" of the hand.

In *North Beck Mining Co. v. Industrial Commission,* (Utah), 200 Pac. 111, the claimant had suffered the total loss of some of his fingers and the partial loss of others, and it was held that the Commission was not obliged to compensate for the loss by adding the scheduled benefits for the loss of each finger, or proceed under the schedules for specific losses, but could act under that clause of the statute which allowed compensation for the loss of a "bodily function not otherwise provided for," and thereby make an award, as it did in that case, for the partial loss of the use of the hand. The conclusion we reach is also supported by *Rockwell v. Lewis,* 168 App. Div. 674, 154 N. Y. Supp. 893, holding that "where the loss or injury to fingers and thumb result in the permanent loss of the use of the hand, the commission is authorized to recognize this fact and to treat the hand as lost in fixing the compensation," instead of confining the compensation to the schedule rate for fingers.

In the instant case, the Commission correctly treated the partial loss of the use of the hand, as being the compensable loss sustained. It committed no error in not designating the injury as a loss of the thumb and fingers and awarding the scheduled benefits for the loss of such members.

It is further argued that the Commission could not award compensation for the loss of thumb and fingers under the schedule and then add thereto the compensation allowed for the loss or partial loss of the use of the hand. With this contention we agree, but not with the further assertion, or the assumption, that there was an award of double compensation in this case. It is admitted by the pleadings, that the insurer, prior to the hearing and

the award, paid to claimant the amount of compensation, where the average weekly wage is $10, which the statute provides for the loss of thumb and two fingers. The Commission's award does not purport, however, to be one of an additional compensation. The award is the full or entire compensation, and whatever the insurer has already paid may and should be credited upon the award.

The judgment is reversed, and the cause remanded with directions to affirm the findings and award of the Industrial Commission.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE WHITFORD concur.