## No. 13,343.

### POOLE v. INDUSTRIAL COMMISSION ET AL.
(28 P. [2d] 809)

Decided January 8, 1934.

Mr. S. D. Brosius, for plaintiff in error.

Mr. Paul P. Prosser, Attorney General, Mr. M. S. Ginsberg, Assistant, Mr. Fred W. Varney, for defendants in error.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

This is a workmen's compensation case. Plaintiff in error is hereinafter referred to as Poole, the Industrial Commission of Colorado as the commission, the Fidelity & Casualty Company as the Insurance Company, and the Southern Colorado Power Company as the Power Company.

Poole was employed by the Power Company as a lineman. He was injured September 22, 1930, in an accident arising out of and in the course of that employment. The commission's final award was temporary total disability ending June 23, 1931, and eighty per cent permanent loss of the right leg measured at the knee. Claiming total permanent disability, errors in rulings on evidence, and errors of procedure, he sought and obtained a review of the case in the district court. There the award was affirmed, and to review that judgment he prosecutes this writ.

Four days after the accident the Insurance Company admitted liability. Hearings were held before a referee March 24, and May 11, 1931, and findings entered. These were set aside on motion and further hearings were held June 11, and December 8, of the same year, and the referee found temporary disability to June 23, 1931, and permanent disability of twenty per cent loss of the use of the right leg at the knee. One day too late Poole moved for a review. Being apprised of his default he

then asked that the commission order a review, on its own motion, to determine mistake, error or change in condition. This the commission did and held another hearing March 1, 1932. On April 5, following, it entered its supplemental award, as above recited, raising the total disability to eighty per cent. This it affirmed about one month later.

Herein Poole first complained because the commission failed to make specific findings. This assignment he withdrew by his reply brief.

It is now asserted that evidence of the extent of disability was restricted to medical experts. Such a suggestion is contained in a letter of January 8, 1931, to Poole's counsel, but the fact does not otherwise appear and the evidence was not so limited. Such a limitation was suggested by the referee as to the subject of hospitalization, but no offer thereon was made. Counsel for Poole offered to permit the referee to personally examine his client's knee. The referee declined on the ground that the medical testimony on the subject was sufficient. Much is made in argument of this declination, but of course there was no error. The referee was not a doctor and there is nothing to indicate that such an inspection would have given him any reliable information. Again, complaint is made because the final order of the commission, which raised permanent disability from twenty to eighty per cent, provided for a credit of prior payments thereon. Why this should not be done we fail to see. It is also urged that the date of the termination of temporary disability as fixed by the referee and the commission, is unsupported by the evidence. True no witness specifically fixed that, or any other, date, but the commission had to determine the fact and there is much in the record to support its finding. Both Poole and his wife testified fully as to his injuries, their extent, and facts indicating their result and probable duration. Fairly summed up all the objections made go to disputed facts found on conflicting evidence. That

166

such questions are not reviewable here we have too often held to require further discussion or the citation of authority. There was evidence which would probably have supported a finding of total disability, but there was also ample evidence to support much less than the commission found. The truth was for it and the record discloses no good ground to interfere with the award.

The judgment is affirmed.

Mr. Chief Justice Adams and Mr. Justice Hilliard concur.