No. 15,980.

OHIO CASUALTY INSURANCE COMPANY ET AL. *v.*
INDUSTRIAL COMMISSION ET AL.
(189 P. [2d] 453)

. Decided January 26, 1948.

Messrs. WOLVINGTON & WORMWOOD, for plaintiffs in error.

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, BARBARA LEE, Assistant, Mr. L. F. BUTLER, for defendants in error.

Mr. CHIEF JUSTICE BURKE delivered the opinion of the court.

THIS is a workmen's compensation case and was formerly before this court, the same parties appearing as

here, and the judgment was reversed. *Ohio Casualty Co. v. Industrial Commission,* 115 Colo. 355, 173 P. (2d) 888. That opinion must be read in connection herewith. We find no occasion to repeat the facts. Therein, without any basis of findings, the commission assessed the total to the companies. The principal question presented was the sufficiency of the evidence to support the judgment. Because of the absence of findings we returned it to the trial court with instructions to remand it to the commission. That was done, additional evidence was taken and specific findings in favor of the claimant were made. The cause proceeded regularly to a hearing in the district court which affirmed the commission. To review its judgment entered accordingly the companies sue out this writ.

The original order of the commission was for compensation to claimant at "$14.00 per week, from January 30, 1946," continued. "at that same rate during temporary disability," plus not to exceed $500 "Necessary medical, surgical and hospital expense incurred as a result of said accident within four months from the date thereof." The finding of the commission in the instant case, sustained by the court, was that in the accident here in question claimant was "temporarily and totally disabled until March 13, 1946, and that his present disability is 50% as a working unit, of which 45% as a working unit is attributable to aggravation." Its order was that the companies "pay compensation to claimant at the rate of $14.00 per week, from January 30, 1946 to March 12, 1946, inclusive, for and on account of temporary total disability; thereafter at the same rate until the full sum of $3,640.00 shall have been paid, for and on account of permanent partial disability;" plus the former order for the payment of medical, surgical and hospital expense and the proper additional orders in case claimant submitted to a recommended surgical operation or refused to so submit.

There are five points specified as errors and

counsel agree that these raise the simple question of the sufficiency of the evidence to support the findings of the Industrial Commission. No good purpose could possibly be served by a repetition here and an analysis of the evidence. Suffice it to say that we have read the briefs and record with care, the additional evidence introduced, as well as that produced at the former hearing. That there are some conflicts cannot be questioned, but under the well established rule it was for the commission and not for us to resolve these. We are satisfied that there is ample to support the findings and award of the commission.

The judgment is accordingly affirmed.

MR. JUSTICE HILLIARD and MR. JUSTICE ALTER concur.