## No. 16,205.

### DOWNING *v.* GENERAL IRON WORKS COMPANY ET AL.
(207 P. [2d] 525)

Decided May 23, 1949.

Mr. A. D. QUAINTANCE, Mr. WILLIAM D. JOHNSON, for plaintiff in error.

Mr. JOHN W. METZGER, Attorney General, Mr. JOSEPH E. NEWMAN, Deputy, Mr. DONALD C. McKINLAY, Assistant, for defendant in error Industrial Commission.

Mr. HAROLD CLARK THOMPSON, Mr. LOUIS SCHIFF, for defendants in error General Iron Works Company and State Compensation Insurance Fund.

*En Banc.*

MR. CHIEF JUSTICE HILLIARD delivered the opinion of the court.

A PROCEEDING under the Workmen's Compensation Act. The facts are not in dispute; rather, as seems conceded, the controversy is one of law, and more particularly it has to do with the interpretation of the applicable portions of section 352, chapter 97, 1935 Colorado Statutes Annotated, presently to be set forth.

It appears that March 28, 1941, plaintiff in error (claimant), while employed by defendant in error General Iron Works Company, and in the course thereof, accidentally suffered a severe injury; that April 14,

1941, defendant in error State Compensation Insurance Fund filed an admission of liability, "beginning April 8, 1941, and continuing during disability." Also for such "permanent disability as may hereafter be determined to exist;" that February 24, 1942, the Fund, being advised by competent medical authority to the effect that claimant's disability approximated fifty per cent, and proceeding to that end March 26, 1942, filed formal admission of liability for ten per cent loss of use of left index finger at proximal joint, and fifty per cent loss of the use of claimant's right leg at the hip to the extent of the stated percentage, for 104 weeks. Consistent therewith the commission made orders for payment, including one for a lump sum, all fully ratified and discharged by the Fund.

It further appears that, notwithstanding claimant's fifty per cent loss of the use of his leg, as already stated, and his receipt of compensation for 104 weeks pursuant to an unchallenged award therefor, he was employed for the entire period at a full wage, and until January 18, 1947, when, upon reopening the case, the commission found, inter alia, that, due to the original, not a new, injury, claimant was under the necessity of having his injured leg amputated above the knee, and thereby suffered a second temporary total disability. Based thereon the commission ordered resumption of payment of compensation during such temporary total disability, following which the Fund filed its admission of liability in conformity with the commission's order, which admission provided for payment of compensation for "temporary total disability to August 16, 1947," when such disability terminated, and for permanent disability for 139 weeks for which claimant was entitled to compensation on account of the amputation, already stated. The commission, proceeding in conformity with the statute in that regard, ordered in accordance with such admission, but required, nevertheless, that claimant should be charged with payments already made by the Fund,

pursuant to the earlier award for permanent disability arising out of the same accident.

Computed, the initial award required payment of $1456.00, and the second award the sum of $1946.00. Claimant contended that notwithstanding he had been paid the first award, he was entitled to the second award sans diminution. The commission was not of that view, and ordered that the sum of the first award be credited on the second award, as already stated. In an appropriate action the district court affirmed the order of the commission.

■ Proceeding on a single specification, claimant contends that the court erred in sustaining the order of the commission, "allowing a credit of the compensation paid because of the partial loss of the use of the leg against a subsequent award made because of amputation of the leg, which amputation occurred approximately six years after the original injury." The applicable portions of the statute of claimant's reliance read as follows: "§352. In case an injury results in a loss set forth in the following schedule, the injured employee shall, in addition to compensation to be paid for temporary disability receive compensation for the period specified, to-wit: * * * Loss of a leg at or above the knee, where the stump remains sufficient to permit the use of an artificial limb 139 weeks. * * * (a) The commission shall determine the time when temporary disability terminates as to injuries coming under any provision of this section. * * * (f) Where an injury causes the loss of use or partial loss of use of any member or members specified in the foregoing schedule, the commission may determine the disability suffered and the amount of compensation to be awarded, by awarding compensation which shall bear such relation to the amount stated in the above schedule for the loss of a member or members as the disabilities bear to the loss produced by the injuries named in the schedule and such amount shall be in addition to compensation for tempo-

rary disability, or the commission may award compensation under the partial disability section of this statute as the commission in its discretion may determine from the particular facts in each case."

Although exhaustive and challenging briefs have been filed, and the appeal in behalf of claimant is particularly moving, we are persuaded to the view that the trial court proceeded in full light, and correctly determined the matter. Our pronouncements in several like instances, as our study convinces, although factually none was precisely like the present one, justified the holding of the commission here. As we have seen, proceeding on the authority of an order, not questioned by him, claimant received compensation for 104 weeks at the rate of disability fixed by the commission, not challenged, and subsequently, predicated on a development of his injury for which he was entitled to compensation for a more extended period, or 139 weeks instead of 104 weeks, was made in his behalf. Neither the rate of compensation, nor the duration thereof, as fixed by the commission before or subsequent to the amputation of claimant's leg, has been questioned by either party. Such orders, as seems evident, conformed to the statute and the recognized practice. It should be borne in mind that in addition to the fact in both the major orders, one for 104 weeks, the other for 139 weeks, the compensation fixed covered permanent disability, there were preliminary orders covering "temporary total disability," which claimant enjoyed for the duration thereof, as was his due, and about which there is no controversy.

In *Industrial Commission v. General Accident Co.*, 71 Colo. 115, 204 Pac. 338, where claimant suffered total loss of a thumb and two fingers of one hand, and partial loss of the use of the same hand at the wrist, we said: "It is further argued that the Commission could not award compensation for the loss of thumb and fingers under the schedule and then add thereto the compensation allowed for the loss or partial loss of the use of

the hand. With this contention we agree, but not with the further assertion or the assumption, that there was an award of double compensation in this case." Clearly, in that case the insurer had paid compensation in the sum provided by statute for loss of thumb and two fingers, but notwithstanding, the commission awarded compensation for and on account of partial loss of the injured hand at the wrist, a greater sum than that already paid. The insurer claimed that such award constituted double compensation for the same injury. Addressing ourselves to the award there, we said: "The award is the full or entire compensation, and whatever the insurer has already paid may and should be credited upon the award." In short, there, as here, in the first instance claimant was paid less than the "full or entire compensation" as subsequently appeared, and the commission awarded in the light thereof. There, the insurer, thinking he was being required to pay twice, complained thereof, but our analysis disclosed that he was required to pay only the highest amount that could be awarded, and that payments already made pursuant to a wrong conception, were to be credited thereon. Here, while the insurer, sensing the force of our holding in the General Accident Company case, abided the increased award, it insisted, nevertheless, that the further doctrine of the case with relation to credit for payments made pursuant to an earlier and inadequate award, should be applied to the claimant. The commission, proceeding initially, and the district court as hereinbefore stated, upheld the contention of the insurer. In *Great American Indemnity Co. v. Industrial Commission,* 114 Colo. 91, 162 P. (2d) 413, speaking of the General Accident Company case, we said: "This decision has never been modified or set aside, is the law in this jurisdiction, and we see no reason for modifying or changing it. It aptly illustrates the correct construction to be given subdivision (f), section 352, supra." In *Poole v. Industrial Commission,* 94 Colo. 163, 28 P. (2d) 809, we held that where

the percentage of permanent disability of an employee is increased on a supplemental hearing, payments theretofore made on account of the disability are properly credited under the new award, and we said: "Again, complaint is made because the final order of the commission, which raised permanent disability from twenty to eighty per cent, provided for a credit of prior payments thereon. Why this should not be done we fail to see." See, *Reynolds v. Fraker Coal Co.,* 94 Colo. 84, 28 P. (2d) 338; *Hayden Bros. Coal Corp. v. Industrial Commission,* 94 Colo. 211, 29 P. (2d) 637.

We have been at pains to examine *Franko v. William Schollhorn Co.,* 93 Conn. 13, 104 Atl. 485, and *Close v. General Construction Co.,* 61 Ida. 689, 106 P. (2d) 1007, urged upon our attention by counsel for claimant. Pause is not given for detailed review of those cases, but they are believed to rest upon provisions of statutes not to be found in ours, and are distinguishable. In any event, granting all that may be said as to their pertinency, they are not in accord with the Colorado case of *Industrial Commission v. General Accident Co., supra.* So far as the Idaho case is concerned, it is not without significance, we think, that shortly after the opinion was announced, the legislature of that state enacted a nullifying statute.

In emphasis of their contention, counsel for claimant quote from the Idaho case of their reliance, as follows: "Another thing that should be considered in this connection is the pain and suffering and financial loss which the workman sustains by reason of one of these injuries." The weakness of the Idaho court's declaration, as we are persuaded, is that it is a misconception of the purpose of industrial commission acts, including that of Colorado. Such acts provide for compensation for loss of earning power and recovery pursuant thereto; they are not comparable to the right to recover damages in an action founded upon negligence, in the assessment of which pain and suffering, and the like, may be taken into consideration. Compensation acts

provide for "limited and certain, not full but uncertain, compensation for the results of an injury." *Matter of Marhoffer v. Marhoffer,* 220 N.Y. 543, 116 N.E. 379. They provide for prompt, inexpensive, and assured compensation for disability to work made on the basis of average weekly wages, and for periods as fixed by authorized tribunals proceeding thereunder. The awards claimant has enjoyed here, as limited or otherwise construed by the commission, as we think, has met his every proper demand to the full.

Let the judgment be affirmed.

MR. JUSTICE HAYS does not participate.