No. 17,029.

RESURRECTION MINING COMPANY ET AL. *v.* ROBERTS ET AL.

(259 P. [2d] 275)

Decided June 15, 1953.   Rehearing denied June 29, 1953.

Mr. HAROLD CLARK THOMPSON, Mr. LOUIS SCHIFF, for plaintiff in error State Compensation Insurance Fund.

Messrs. PERSHING, BOSWORTH, DICK & DAWSON, Mr. ARTHUR K. UNDERWOOD, JR., for plaintiff in error Resurrection Mining Company.

Mr. DUKE W. DUNBAR, Attorney General, Mr. H. LAW-RENCE HINKLEY, Deputy, Mr. PETER L. DYE, Assistant, for defendant in error Industrial Commission.

Messrs. McCOMB, ZARLENGO, MOTT & SCHMIDT, for defendant in error Roberts.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the court.

WE will herein refer to plaintiff in error, Resurrection Mining Company, as Employer; to plaintiff in error, State Compensation Insurance Fund, as Fund; to defendant in error, Claude Roberts, as Claimant; and to defendant in error, Industrial Commission of Colorado, as Commission.

The Commission awarded Claimant compensation on account of permanent disability by reason of silicosis, contracted while working as a miner for Employer. The district court affirmed the award of the Commission. The Employer and Fund bring the case here for review by writ of error.

Claimant, a miner, working underground, was engaged by the Employer as such from July, 1941 to February, 1951. In his employment he worked in stopes, breaking ore and flushing it into chutes, and in addition thereto did drilling and blasting in the mine. It is admitted that Claimant worked in quartzite; that dust was generated from this rock, and that quartzite contains free silicon dioxide. There is competent evidence in the record disclosing that there was quartzite dust in the mine each day that Claimant worked therein.

Claimant became ill, was hospitalized in February, 1951 and in March, 1951 was advised by his physician that he was suffering from silicosis. He made claim for compensation under the Occupational Disease Disability Act. A Referee of the Commission heard the testimony

of numerous witnesses, including a number of physicians, and in December, 1951 entered findings in favor of Claimant. The medical testimony was in conflict. That silicon dioxide was present in harmful quantities in the Employer's mine was not seriously disputed. The Referee of the Commission determined that Claimant was permanently and totally disabled due to "silicosis and complications resulting therefrom." He ordered the Employer and State Compensation Insurance Fund to pay compensation to Claimant in accordance with the Occupational Disease Disability Act.

Under appropriate proceedings for review of this order, the Commission affirmed the order of the Referee, and in January, 1953 the district court affirmed the award of the Commission.

It is not disputed that the only exposure Claimant had to silicon dioxide was in Employer's mine. Section 10 (a), chapter 163, S. L. '45, requires, as a prerequisite to an award, that the record show: "(a) There is a direct causal connection between the conditions under which the work was performed and the occupational disease, and the disease can be seen to have followed as a natural incident of the work and as a result of the exposure occasioned by the nature of the employment and can be fairly traced to the employment as a proximate cause and does not come from a hazard to which workmen would have been equally exposed outside of the employment. The disease must be incidental to the character of the business and not independent of the relation of employer and employee. The disease need not have been forseen or expected but after its contraction must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a natural consequence. The burden of proof shall be upon the claimant to establish each and every such fact by competent medical evidence."

██ Counsel for plaintiffs in error assert that since the Occupational Disease Disability Act provides that

Claimant must "establish" the facts of his case, the General Assembly thereby intended to impose on him a burden greater than that imposed on a plaintiff in an ordinary civil action, or on a claimant in other claims before the Commission. In view of our holdings as to how the compensation act should be construed, we cannot believe that the General Assembly in passing the Occupational Disease Disability Act intended to place upon the Claimant the duty of proving beyond peradventure of a doubt the fact that he was suffering from silicosis. The word "establish" means "prove," and this Claimant did to the satisfaction of the Commission.

In *Wierman v. Tunnell*, 108 Colo. 544, 120 P. (2d) 638, an ordinary compensation case, our court in the opinion uses the word "establish" as a synonym of "prove." We conclude that in modern parlance there is no essential distinction between the word "establish" and the word "prove." *Hogg v. Fannie May Candy Shops, Inc.*, 321 Ill. App. 640, 53 N.E. (2d) 494; *Bertrand v. Adams*, 344 Ill. App. 559, 101 N.E. (2d) 941.

The record discloses that several apparently competent medical experts testified that Claimant had silicosis and was totally disabled on account thereof. It is true that other physicians came to different conclusions regarding Claimant's condition, but the Commission as the trier of the facts was called upon to decide the conflict, and did so, finding in favor of Claimant.

There being a conflict in the evidence, under the established rule in this jurisdiction, we are not at liberty to disturb the award and judgment. *Morrison v. Clayton Coal Company*, 116 Colo. 501, 181 P. (2d) 1011; *Robinson v. Industrial Commission*, 112 Colo. 21, 144 P. (2d) 979; *Ohio Casualty Insurance Co. v. Industrial Commission*, 117 Colo. 451, 189 P. (2d) 453.

The Act here considered has been before this court on only one previous occasion, *Gates Rubber Co. v. Tice*, 124 Colo. 595, 239 P. (2d) 611. In that case the Commission awarded compensation under the Occupa-

tional Disease Disability Act, which award was affirmed by the district court. There, as in the case at bar, the Employer raised the question of burden of proof. In the opinion in that case at page 599, we said: " * * * it appears by the award of the Commission that the claimant had met the burden of proof by medical testimony to the satisfaction of the Commission. Contrary to the statement of counsel for employer, the findings of the Commission on sufficient evidence are conclusive on this court with the exception of subsection (g) of section 4 of the Act entitled 'Injurious Exposure.' The Act specifically states that the determinations of the Commission under this section shall not be conclusive on either the district court or the supreme court."

All the witnesses agreed that some persons are more susceptible to silicosis than others. It is not disputed that the only exposure Claimant had to silicon dioxide was in Employer's mine, and no attempt was made to prove otherwise. This brings the case directly within our ruling in the Gates case, supra. The Commission, therefore, was justified in concluding that since Claimant had silicosis, he contracted it through exposure while working in Employer's mine.

The judgment is affirmed.