Opinion by
Mr. Justice Moore.
The parties to this writ of error will be referred to as they appeared before the trial court: Plaintiffs in error as “respondents,” or to Idarado Mining Company as “Idarado”; defendant in error Industrial Commission as “Commission”; defendant in error Barnes as “claimant.”
Claimant filed his claim under the Colorado Occupational Disease Disability Act, C.R.S. ’53, 81-18-1, et seq., as amended. The claim was filed June 18, 1959, and on December 11, 1959, a referee of the Commission entered an order awarding compensation to claimant, which order was affirmed by the Commission on January 26, 1960, and upon rehearing was again affirmed by that body, following which review was sought in the district court. The trial court entered judgment affirming the award of the Commission, to which judgment this writ of error is directed.
The referee of the Commission entered findings of fact which include the following:
“Claimant was first employed as a miner by respondent employer January 7, 1948, and worked for them from time to time until 1953. He was re-employed September 19, 1955, and worked to January 26, 1959. At that time he was advised of his advanced silicotic condition and told that he could not continue in his employment. He worked for the Argo Mining Company from February to May 20, 1959, when he was compelled to quit work. *168 During that period he was not exposed to harmful quantities of silicon dioxide upon each of sixty days.
“When claimant was re-employed in 1955 by the respondent employer he had silicosis Grade II, as demonstrated by x-ray. Between 1955 and 1959 he was exposed to silicon dioxide dust upon an average (based upon 11 tests or surveys during the period 1955-1959) of 7.14 million particles of silicon dioxide per cubic foot of air less than 10 microns in size.
“Such exposure is considered not harmful to healthy or normal individuals. Claimant, however, was exposed while affected with Grade II silicosis and is now afflicted with Silicosis Grade III.
“For one in his condition, when re-employed, the exposure to silicon dioxide was harmful and accelerated the progress of his disease.
“Claimant is permanently and totally disabled by reason of such exposure and has been so disabled since May 20, 1959. His wages were in excess of $100.00 per week.”
Then followed the order for compensation and an award for medical, surgical and hospital treatment “as may be required,” within the limits provided by law.
Counsel for plaintiffs in error base their argument for reversal on two propositions, to-wit: (1) Claimant was not injuriously exposed to sufficient quantities of uncombined silicon dioxide dust as would cause silicosis in a normal individual; and (2) claimant’s exposure to uncombined silicon dioxide dust at a time when he was suffering from Grade II silicosis would not constitute exposure to that concentration of toxic material which would, independently of any other cause whatsoever, including the previous physical condition of the claimant, produce or cause the disease for which claim is made.
The questions involved have been disposed of adversely to the contention of plaintiffs in error by our recent decision in Climax Molybdenum Company v. *169 Ind. Comm., et al., 146 Colo. 558, 362 P. (2d) 565. The facts in the Vorhies case are strikingly similar to those in the instant case. There Vorhies worked for a period of years underground as a miner when it was discovered that he had silicosis Grade II. After this discovery he was transferred by his employer to its mill where he was exposed to generally less dust than in the mine. Vorhies continued employment in the mill until he could work no longer by reason of the fact that he developed silicosis Grade III and was totally disabled. Of particular significance to the inquiries presented by this writ of error is the following language in the opinion:
“The testimony of all the medical doctors in the main pertained to the extent of claimant’s disability from silicosis and is of only limited assistance in resolving the vexing issue of injurious exposure. It is true that Dr. Hay on cross-examination testified that one who had Grade II silicosis in 1941 could without any additional exposure have Grade III silicosis in 1957. But such is certainly not proof positive that this claimant suffered no injurious exposure subsequent to 1941. Accordingly the suggestion by the employer that this testimony elicited on cross-examination from Dr. Hay resolves the entire matter is oversimplification and without merit.
“The employer and the fund contend that there is insufficient evidence of a competent nature to support the finding by the Commission that claimant was ‘injuriously exposed’ in the manner required by the OD Act. We now hold this contention to be without merit. Claimant does not have to prove his claim with mathematical certainty or even beyond a reasonable doubt. In Resurrection Mining Company, et al. v. Roberts, et al., 127 Colo. 559, 259 P. 2d 275, this Court rejected the contention that the burden of proof resting on a claimant under the OD Act is greater than that imposed on a plaintiff in an ordinary civil action or on a claimant in other claims before the Commission and held that even *170 though the OD Act states that a claimant must ‘establish’ all the essentials of his claim such means merely to ‘prove’ the same, which this claimant did to the satisfaction of the Commission. It is true that claimant presented no expert testimony bearing on the issue of injurious exposure nor did he, for example, produce a day to day dust count for the eighteen years he worked for the employer. But such is not the only method of establishing one’s right to benefits under the OD Act. Lay testimony as to the dust condition arising from toxic material is entirely proper; and where, as here, it is admitted that claimant has disabling silicosis which, according to the statutory definition, is due ‘to breathing air containing uncombined silicon dioxide (S102) dust,’ and further where it is undisputed insofar as the evidence before the Commission is concerned, that exposure to silica dust occurred on the employer’s premises, then such lay testimony, buttressed by the inferences properly deducible therefrom, is of sufficient stature to support an award of compensation benefits. * * * In short, we hold that careful examination of the record convinces us there is sufficient evidence of a competent nature to support the findings of the Commission on the issue of injurious exposure within the meaning of the statute. Granted that in reviewing the issue of injurious exposure the statute (C.R.S. ’53, 81-18-4 (7) ) provides that the ‘ * * * Determination made under this subsection by the Industrial Commission of Colorado shall not be conclusive on either the district or supreme courts,’ nevertheless this court under the facts and circumstances of this case is disinclined to disturb the findings of the Commission. * * * ”
See also Gates Rubber Co. v. Tice, et al., 124 Colo. 595, 239 P. (2d) 611; Resurrection Mining Co. et al. v. Roberts, et al., 127 Colo. 559, 259 P. (2d) 275; Colorado Fuel and Iron Corp, v. Alitto, et al., 130 Colo. 130, 273 P. (2d) 725.
In the instant case, all the witnesses agreed that *171 some persons are more susceptible to silicosis than others. It is not disputed that the only exposure of Barnes (claimant) to silicon dioxide was in his employer’s mine and no attempt was made to prove otherwise. See Resurrection Mining Co. v. Roberts, supra, and Gates Rubber Co. v. Tice, supra. Hence, we conclude that the Industrial Commission was justified in concluding that, since Barnes had silicosis, he contracted it through exposure while working in the mine of his employer.
In Colorado Fuel and Iron Co. v. Alitto, supra, the court quoted with approval the following from Kennecott Copper Corp. v. Industrial Commission, 115 Utah 451, 205 P. (2d) 829:
“The liability of an employer in whose employ an applicant becomes totally disabled from silicosis, is predicated not on having contracted such ailment in his employ, but for exposing such employee to harmful quantities of the dust. There being a period of nearly 11 years of some exposure to such dust, in view of the circumstances, the commission had a valid basis for its findings that the quantities were harmful in view of total disability.”
We again quote from the Alitto case, supra:
“As Mr. Justice Stone observed in his dissenting opinion in Moffat Coal Co. vs. McFall, 117 Colo. 191, 186 P. 2d 1021, 1922: ‘Employee was killed in an industrial accident. Lives, as well as materials, are consumed in industry. Where dependents suffer loss, compensation for a life consumed should be an obligation at least equal to that for mine props and explosives, and so to provide is a basic purpose of the statute.’ ”
Here the evidence discloses that claimant’s Grade II silicosis resulted from his previous employment by this employer and we find no merit in the contention that no award may be made in favor of claimant because he was suffering from Grade II silicosis when re-employed. Recognition of this line of argument as valid *172 would have the effect of rendering most cases of disability due to silicosis noncompensable. It is manifest from this record, and not contradicted, that silicosis by nature proceeds through medically recognized stages to total disability. Both the Alitto and Climax cases recognize this progressive consequence of the disease. Claimant was first employed by Idarado Mining Company in 1950 and it is not disputed that he was exposed to silicon dioxide from 1950 to 1955 when a medical report disclosed that he had Grade II silicosis, which fact was well known to his employer when he was thereafter reemployed. There is no showing that claimant was suffering from silicosis in 1950 when first employed.
We again quote from the Alitto case, supra:
“Ours is a court of review, and not a fact finding body. It is the function of the Commission to ascertain the facts in cases before it, and if the findings of fact made by the Commission are sustained by competent evidence, they will not be set aside or held for naught by either the district court or this court. In the instant case there is competent evidence sustaining the finding of the Commission.”
In view of our repeated holdings that the Workmen’s Compensation Act is to be liberally construed to accomplish its beneficent and protective purposes, we hold in the instant case that the findings of the Commission are sustained by competent evidence.
The judgment affirming the award of the Commission in favor of claimant is correct and is affirmed.
Mr. Chief Justice Hall and Mr. Justice Sutton concur.